# Berry *v.* The State.

65　117|
103　55|

*Indictment for Murder.*

1.　*Indictment found by grand jury illegally formed ; verdict of acquittal or conviction under, and reversal of judgment on error ; plea in bar of second prosecution.* On indictment for murder against two, a verdict of acquittal on the evidence being rendered as to one, and the other found guilty of murder in the second degree, which judgment was reversed on error, at the instance of the latter, because the record showed a fatal defect in the formation of the grand jury by which the indictment was found, though no objection was raised to it in the court below on that account ; the verdict and judgment operate as a bar to another prosecution of the defendant who was acquitted, and are available to him under the plea of former acquittal ; and as to the other defendant, when again indicted, operate as a bar to a prosecution for murder in the first degree.

FROM the Circuit Court of Elmore.

Tried before the Hon. JAMES Q. SMITH.

The defendants in this case, Isaac L. Berry and Charles Holman, were indicted jointly with one James Holman at the September term of said court, 1879, for the murder of Jabez P. Rawls ; and were tried at the same term, issue being joined on the plea of not guilty, interposed by each defendant. The jury returned a verdict of not guilty as to the two Holmans, but found Berry guilty of murder in the second degree, and affixed his punishment at imprisonment in the penitentiary for fifty years ; and judgment was rendered according to the verdict. Berry sued out a writ of error on this judgment, and brought the case to this court for revision

during its December term, 1879 ; when this court reversed the judgment, on account of a fatal defect in the organization of the grand jury by which the indictment was found, and remanded the cause, ordering the defendant to be kept in custody until discharged by due course of law.—See the report of the case, 63 Ala. 126.   At the ensuing March term, of said Circuit Court, 1880, another indictment was found against all three of the defendants ; and being arraigned, the Holmans pleaded their former acquittal, and Berry interposed a special plea of former conviction of murder in the second degree, which he insisted was, in legal effect, an acquittal of any higher offense.   To these pleas the State filed a special replication, averring that the former indictment was void, because found by a grand jury organized without legal authority, and that the judgment rendered on it was void, and was reversed and annulled by the Supreme Court on account of the invalidity of the indictment.   The defendants demurred to the replications, but the court overruled their demurrers, and held the replications good ; and issue being then joined on the plea of not guilty, the jury returned a verdict of acquittal as to James Holman, but found Charles Holman guilty of manslaughter in the first degree, and sentenced him to imprisonment in the penitentiary for one year ; while Berry was found guilty of murder in the first degree, and sentenced to the penitentiary for life.   The judgment on the demurrer to the replications, with other rulings to which exceptions were reserved during the trial, but which require no special notice, fs now urged as error.

THOS. H. WATTS, for the appellants.—The verdict of acquittal on the former trial, in the case of Holman, was never appealed from, and was never before this court for review ; and it was, therefore, a complete bar to another prosecution, unless the entire proceedings were void—not merely voidable, but absolutely null and void.   As to Berry, the verdict was, in legal effect, an acquittal of the charge of murder in the first degree, as if expressed in words in the body of the verdict and judgment.—*Bell & Murray v. The State*, 48 Ala. 684, and authorities there cited ; *Lewis v. The State*, 51 Ala. 1 ; *Hurt v. The State*, 25 Miss. 378.   This verdict and judgment of acquittal was never brought before this court for revision.   Berry did not complain of it, and the State could not.   The writ of error brought up only the judgment rendered on the verdict finding him guilty of murder in the second degree, and that judgment only was reversed by this court.   Unless, then, the proceedings on the former trial were void—not merely voidable, but absolutely void—the

[Berry v. The State.]

plea was good, and the demurrer to the replication ought to have been sustained. That those proceedings ·were merely voidable, on account of the defective organization of the grand jury, is shown by several decisions of this court at the late term, subsequent to *Finley's case.*—See *Cross v. The State*, 63 Ala. 40; *Peck v. State*, 63 Ala. 201; *Weston v. The State*, 63 Ala. 155; also, *Hurt v. The State*, 25 Miss. 378. In the case of *Cross v. The State, supra,* the general language used in *Finley's case* is explained and qualified; and it is added, " Such a defect as that commented on in Finley's case, when presented collaterally, will not avail." In this case, when before the court on writ of error sued out by Berry, the judgment was reversed on account of a similar defect—a defect, that is, in the organization of the grand jury; and the replication attempts to set up that defect in this collateral proceeding. If the judgment was void, this court would have discharged the defendant, instead of ordering him to be held in custody. Suppose Berry, after conviction and sentence on the former trial, had sued out a writ of *habeas corpus*; would any court or judge have discharged him? and would he not have been entitled to his discharge, if the judgment was void? Could the Circuit Court of Elmore have set aside the judgment at a subsequent term? These are decisive tests, by which to determine whether a judgment is void or voidable.

H. C. TOMPKINS, Attorney-General, for the State.—When a defendant is acquitted, upon an indictment which is so far erroneous, either for want of substance in setting out the crime, or for want of authority in the court, that no good judgment could have been rendered upon it against him, then such acquittal is no bar to a second indictment. " The law will presume, *prima facie*, that the judge would not have given a judgment, which would have been liable to be reversed." The test is, not whether the proceedings are voidable or void, but whether the record shows that the indictment was so defective that any judgment thereon would be arrested on motion, or reversed on error.—2 Russell on Crimes, § 60; 2 Hawk. P. C. ch. 35, § 8; 1 Wharton's Amer. Crim. Law, § 573; 1 Bishop's Crim. Law, ed. 1866, § 862; *Mount v. Commonwealth*, 2 Duval, Ky. 93; *Williams v. The State*, 5 Md. 82; *Black v. The State*, 36 Geo. 447; *Vaux v. Regina*, 2 Coke, pt. IV., p. 44; *Ray v. The State*, 1 Rice, 1; *People v. Barrett*, 1 Johns. 66, opinions of Kent, Spencer, and Thompson; 3 Bennett & Heard's L. Cr. Cases, 554. The minute-entries showing the organization of the grand jury are a part of the caption of every indictment; and when they show a fatal defect, it is a defect in the indictment itself. In

such case, the indictment itself is fatally defective : it is not due process of law, and no valid judgment could have been rendered upon it.—*Finley v. The State,* 61 Ala. 201 ; 2 Russell on Crimes, § 60. But the former indictment was quashed, and the judgment rendered on it was reversed, at the instance of the defendant himself; and he can not be allowed to set it up as a valid judgment for any purpose. The positions are inconsistent and repugnant.

BRICKELL, C. J.—The plea of the appellant Holman avers a former acquittal upon the verdict of a jury, followed by a judgment discharging and liberating him, rendered, not because of any insufficiency of the indictment, nor of any irregularity in the proceedings, nor because there was any want of correspondence between the allegations of the indictment and the evidence, but solely because the evidence required that the jury should pronounce him not guilty of the entire offense charged. The plea of the appellant Berry shows that, after a trial upon the facts, before a jury duly constituted, he was found guilty of murder in the second degree, and the punishment fixed by the jury ; a punishment which could not have been imposed for any other offense comprehended in the indictment, than murder in the second degree. The replications to these pleas aver, in substance, that the former indictment, upon which these proceedings were had, was void, because found by a grand jury formed in a manner not authorized by law, and, in addition, that Berry prosecuted a writ of error to this court, and obtained a reversal of the judgment of conviction against him, because of that irregularity. The sufficiency of the replications is the matter of importance to be decided ; Holman relying on the former verdict and judgment of acquittal, as a complete bar to the present prosecution ; and Berry relying on it, so far as he is affected, as a bar to a prosecution for any higher offense than murder in the second degree.

The former indictment, like the present, upon its face was unobjectionable, charging in a single count, in the form prescribed by the statute, murder in the first degree, which includes all inferior degrees of criminal homicide, and would support a finding by the petit jury, of the higher or lesser offenses. It is settled in this State, that a verdict, whatever may be its form, rendered upon a trial on the facts, by a jury, on such an indictment, which convicts but partially, is an acquittal of all of which the defendant is not convicted. In *Nancy v. The State,* 6 Ala. 485, it was said : "The omission to find the entire charge will not vitiate the verdict, if it is sufficiently certain in ascertaining the guilt of the pris-

[Berry v. The State.]

oner, as to any one offense which is included within the charge laid in the indictment; as to all which is not found, the conclusion must be, that the jury intended to acquit." See, also, *Nabors v. State,* 6 Ala. 200; *Burns v. State,* 8 Ala. 313; *Martin v. State,* 28 Ala. 72; *Bell v. State,* 48 Ala 684. When the jury on the former trial, after hearing and deliberating upon the evidence, rendered a verdict against Berry, of guilty of murder in the second degree, affixing a punishment which they could not have imposed for murder in the first degree, they declared, with as much certainty as if it had been expressed in words, that they acquitted him of that degree of felonious homicide. The inference is irresistible, the implication is necessary to support the verdict, as an answer to the entire charge laid in the indictment. It is also equally well settled in this State, that if, in such case, the accused should on error procure a reversal of the judgment of conviction against him, that he can be put upon a second trial only for the offense of which he was convicted, and not for that of which he was acquitted; for the plain reason, that it is not in the power of any court to set aside or reverse the verdict of acquittal, and that it is the verdict and judgment of conviction only which is reversed and annulled. *Bell v. State, supra.* We do not, therefore, propose, in the further consideration of the case, to distinguish between the pleas of the appellants : each presents a former acquittal, to the extent claimed, if the former trial was had before a court of competent jurisdiction, upon proceedings not in themselves void.

It is a fundamental principle, as we believe of equal force in all cases, civil or criminal, that a judgment rendered upon a particular controversy, by a court having jurisdiction of the subject-matter and of the parties, is, while it remains unreversed by a superior tribunal of competent jurisdiction, final and conclusive as between the parties and privies; and that they are precluded, upon high grounds of public policy, from reopening or reviving the controversy. The record may abound with error or irregularity ; these do not affect its dignity, operation, or effect. It stands the conclusive and unimpeachable evidence of its own legality and regularity, until, before a proper tribunal, it is assailed on error. The parties, and all officers of the law, are protected and justified in executing it; and whatever would be the incidents and consequences of a judgment free from error, flows from it.

The Circuit Court is a court of record, of general jurisdiction, civil and criminal. It has full jurisdiction of all accusations of crime, whether of felony or misdemeanor, pre-

sented by the finding of a grand jury, a constituent element of the court. Whenever the accusation is presented in the form of an indictment, the jurisdiction is called into exercise. The power and duty of the court is to hear and determine. Hearing and determination involves, of necessity, full inquiry into, and the judgment of the court upon, the sufficiency in every respect of the indictment itself—whether it is the finding of a grand jury formed according to law, and whether on its face it charges an offense punishable by law. Whether the judgment is for or against the accused—whether it is of acquittal, or of conviction—it is the judgment of a court of competent jurisdiction, and can not be collaterally assailed for error.—*Ex parte Watkins*, 3 Pet. 193 ; Freeman on Judgments, § 318 ; 3 Greenl. Ev. § 35. If, however, the judgment was rendered without jurisdiction, or if it was rendered otherwise than upon proceedings which would call the jurisdiction into exercise, it would be void.

It is an error, however, to suppose that the former indictment, or the proceedings had under it, are void, and the proceedings now to be regarded as if had without an indictment. *Cross v. State*, 63 Ala. 40 ; *Berry v. State, Ib.* 126 ; *Weston v. State, Ib.* 155. True, on the writ of error sued out by Berry, the judgment of conviction against him was reversed, and the indictment pronounced vicious, because of the irregular formation of the grand jury. This shows only *error, irregularity*, not *absolute invalidity* in the proceedings ; and it is not necessary to distinguish between the two—the line of distinction has been often drawn, and is palpable. It would scarcely be insisted, that if Berry, instead of prosecuting a writ of error for the reversal of the judgment, had sued out a writ of *habeas corpus*, to be relieved from imprisonment under it, any judge would have been bold enough to discharge him because of the irregularity, or would have inquired into it ; and yet that would have been a duty, if the indictment was void—if there was *illegality*, as distinguished from *irregularity ;* or, if the conviction was of an infamous crime, rendering him incompetent as a witness, that a court before whom the record was produced, could have repudiated it. Or, suppose Holman suing for a malicious prosecution ; can it be doubted that the judgment would be evidence of an acquittal, and of the termination of the prosecution. All that can be asserted of the irregularity is, that it was an error, which, on motion to the Circuit Court, would have caused the arrest of the judgment of conviction, or, on error to this court, a reversal, leaving the judgment of full force until avoided in an appropriate mode.

But it is insisted for the State, that, as the acquittal was

[Berry v. The State.]

had on an indictment found by a grand jury not regularly formed; as the indictment was, in consequence, so inadequate that any judgment of conviction rendered upon it could have been reversed, the judgments of acquittal form no bar to this prosecution. We do not doubt, that if an acquittal is obtained, because of the insufficiency of an indictment,—and it may be insufficient, because found by a grand jury irregularly impanneled,—that the judgment will not bar a subsequent prosecution. Nor would a judgment of conviction, arrested or reversed for any inadequacy of the indictment, form a bar to a second prosecution. Such, in effect, is the statute.—Code of 1876, § 4819. In such cases, the accused is not regarded as having been in jeopardy, and the constitutional guaranty, against the oppression and vexation of repeated prosecutions for the same offense, is not invaded. There is a mere abortive attempt to prosecute, coming to naught from its own imperfections. We are considering a different case—a judgment of acquittal, rendered upon a full hearing of evidence before a jury, in the record of which errors intervened, which did not enter into, or affect that judgment; errors which, not affecting it, were thereafter incapable of correction, and into which no inquiry could be made. For the State could not, because of them, move in arrest of judgment, or prosecute a writ of error. Of them, the parties acquitted could not be heard to complain, for they wrought to them no injury; and the rule is as inflexible in criminal, as in civil cases, that parties can complain only of errors injurious to them.—*Ooton v. State*, 5 Ala. 463; *Jones v. State*, 13 Ala. 153. Nor are we considering a case in which there was an acquittal because of variances between the indictment and the evidence, rendering a conviction impossible; a case for which the statute provides.—Code of 1876, § 4816. The real and only inquiry is, whether the judgment of acquittal is void, because, if an adverse judgment had been rendered, that judgment could have been arrested or reversed by the appellants, for a latent irregularity in the proceedings, available only to them, which did not enter into, or produce the judgment, and which neither they nor the State could invoke, to avoid it, in any direct proceeding. Does it not result, that the State, by mere indirection, mere evasion, which would not be tolerated in a party to a civil proceeding, escapes from the obligation of a judgment, which directly it can not assail, if the inquiry should be answered affirmatively?

The caption of an indictment, under the statute, contains the name of the State, county, court and term, in which it is preferred.—Code of 1876, § 4784. It is only thus far the

court of original jurisdiction looks, to determine whether it is regularly preferred. Yet, under the general law, the organization of the grand jury is regarded as part of the caption of every indictment.—1 Brick. Digest, 497, §§ 695–98. The organization is, however, never called to the attention of the court, and judgment upon it is not pronounced, unless objection to it is made in some appropriate form. When, on error, the case reaches this court, the whole record is opened, and this court is bound, if errors are detected, to pronounce the judgment the primary court should have pronounced, if such errors had been called to its attention, and its judgment invoked. On the writ of error prosecuted by Berry, the record was opened for the examination of this court, and the irregular formation of the grand jury was discovered; the duty imposed by the statute was the reversal of the judgment of conviction against him. Thus far were the appointed bounds of the jurisdiction of this court. The judgment of acquittal of Holman was not, and could not be inquired into; for he was not a party to the writ of error, and from that judgment a writ of error would not lie. Nor would it lie from the judgment acquitting Berry of murder in the first degree. There is no room for a presumption that the judgments of acquittal were given, not upon the verdict, but because of the inadequacy of the indictment, growing out of the irregular formation of the grand jury. For that irregularity was never brought to the attention of the Circuit Court, and upon it that court never pronounced sentence. If it had, it could have been only in reference to the judgment of conviction against Berry, and not in reference to so much of the verdict as acquitted him of murder in the first degree, nor in reference to the verdict of acquittal of Holman. These verdicts were beyond the reach of vacation by any tribunal, and of them the State was without any just cause of complaint. Now, if these judgments, rendered by a court of competent jurisdiction, and rendered upon verdicts founded on the evidence—judgments irreversible by a superior tribunal—are of no force and effect, can be wholly disregarded at the mere election of the State, and the appellants subjected to the vexation of another prosecution for the offense of which they have been acquitted, because of a latent irregularity in the formation of the grand jury, or because on demurrer, or motion in arrest of judgment of conviction, the indictment would have been pronounced insufficient,—judgments are of less value and dignity in criminal cases, involving life, limb and liberty, than in civil cases, involving mere rights of property. For it is certain that no judgment, rendered in a civil cause, can be collaterally assailed, because founded on mere-

ly irregular proceedings, or pleadings open to demurrer for insufficiency.—*Kent v. King*, 29 Ala. 542 ; *Wright v. Ware*, 50 Ala. 549. The judgment, of itself, determines finally and conclusively all such questions, and is the unimpeachable evidence of its own legality and regularity.

The principle invoked by the State is laid down, in terms more or less general, by the elementary writers. We quote it as stated by Russell : " Whenever the indictment, whereon a man is acquitted, is so far erroneous (either for want of substance in setting out the crime, or the authority in the court before which it was taken, as where a session was held on a day to which they had not been adjourned), that no good judgment could have been given upon it against the prisoner, the acquittal is no bar to a subsequent indictment ; because, in judgment of law, the prisoner was never in danger of his life upon it ; for the law will presume, *prima facie*, that the judge would not have given a judgment, which would have been liable to be reversed."—2 Russell Cr. (9th ed.) 59. It is stated by Bishop in these words : " When the indictment is in form so defective that the defendant, if found guilty, will be entitled to have any judgment entered thereon against him reversed for error, he is not in jeopardy ; and, should he be acquitted, he will be liable to be tried on a new and valid indictment. And it is the same, where the indictment, though in form correct, is void, because of the illegal organization of the grand jury. But, if there is a verdict of guilty on such an indictment, and the court enters judgment upon it, the defendant will be protected, while the judgment remains unreversed ; not because he has been in jeopardy, but because an erroneous final judgment, rendered by a competent tribunal having jurisdiction over the subject-matter, is voidable only, and, while it stands, is of the same effect as a valid one."—1 Bish. Cr. Law, (6th ed.) § 1021. It is further stated by Russell, that " if one, upon an insufficient indictment for felony, has judgment, this judgment is a bar to a new indictment, unless it be reversed on error." The precise extent and operation of this principle, we have endeavored to ascertain by looking to its application in a large number of cases, English and American ; and, disregarding the *dicta* with which they may abound, we are of opinion, no one of them would authorize us in declaring the appellants are subject to a second prosecution, save so far as the plea of the appellant Berry admits that he is liable to answer. In no one of them, was there an irreversible judgment of acquittal rendered, upon a verdict of the jury founded on a hearing of the evidence, *and upon the evidence alone ;* there being no inquiry into the mere regularity of the proceedings,

[Berry v. The State.]

and no question that the indictment, in form and substance, sets out a crime punishable by law, and on demurrer, or motion to quash, would be pronounced sufficient. If the indictment was *void*, because of the irregular formation of the grand jury,—if it had been the finding of an illegal assemblage, without the semblance of authority—the court would have been without jurisdiction, and the judgments would be void, furnishing no protection, and not a bar to a regular prosecution. But there being no more than mere irregularity, of which the appellants could or not have availed themselves, even-handed justice requires that this irregularity should not now vitiate the judgments as a full protection to them.—*Regina v. Haughton*, 1 Ell. & Black. (72 Eng. Com. Law), 515. Such was the conclusion in Mississippi, in *Hurt v. State*, 25 Miss. 378, involving a question almost identical, certainly not distinguishable from that now presented. The statutes provide liberally for the amendment of indictments, so that variances between proof and pleading may be corrected; and if the defendant will not consent to the amendment, for a dismissal, and the preferring a new indictment, so that because of such variances a judgment of acquittal can not be obtained. They provide for the preferring a new indictment, if one is lost; the operation of the statute of limitations being suspended, from the time the first indictment was found. And they provide further, that when the judgment is arrested, or the indictment quashed, on account of any defect therein, or because not found by a grand jury regularly organized, or because it charged no offense, or for any other cause, that a new indictment must be ordered; and here again the operation of the statute of limitations is suspended.—Code of 1876, §§ 4816–20. These provisions do not contemplate a second prosecution, in any other cases than such as are specified. And we are of the opinion, that a second prosecution can not be sustained, after a judgment of acquittal rendered on the verdict of a jury founded on the evidence, by a court of competent jurisdiction, having before it an indictment, which, fairly construed (though it may be subject to demurrer), discloses an offense of which the court has cognizance, although there may be an erroneous formation of the grand jury. Such a judgment must stand upon, at least, as high ground, as would the erroneous final judgmen of a court of competent jurisdiction in a civil cause.

The Circuit Court erred in overruling the demurrers to the replications to the plea of the appellants. For the error, the judgment of conviction of the appellant Holman must be reversed, and a judgment here rendered discharging him. The judgment convicting the appellant Berry of murder in

the first degree must be reversed, and the cause as to him remanded, with directions to the Circuit Court to sustain the demurrer to the replication to his plea. In the meantime, Berry will remain in custody, until discharged by due course of law.