# *Ex Parte* Spivey, *et al.*

## *Habeas Corpus.*

(Decided January 9, 1912.   57 South. 491.)

1. *Bail; Right of Accused to.*—Where defendants were indicted for murder in the first degree, tried under said indictment and convicted of murder in the second degree, this was an acquittal of the higher offense, and entitled defendant to admission to bail.

2. *Pleading; Demurrer; Effect.*—A demurrer to a plea confesses the truth of its allegation.

3. *Criminal Law; Former Jeopardy; What Constitutes.*—Where a defendant was indicted for murder in the first degree, tried and convicted of murder in the second degree; that conviction operated as a bar to a further prosecution for murder in the first degree, notwithstanding such conviction was reversed for error committed on the trial, in ruling on a plea, since the judgment was not invalid, but was in full force and effect until reversed; section 7160, Code 1907, comes into operation only where the judgment is arrested or indictment quashed on account of defects therein or because not found by a grand jury regularly organized.

Question certified from Court of Appeals.

The question certified is as follows:

In the above entitled case the Judges of the court being unable to reach an unanimous conclusion or decision, the undersigned Judges of said court, pursuant to the provisions of the statute in such case made and pro-

[Ex Parte Spivey, et al.]

vided, hereby certify to the Supreme Court of Alabama for determination the following questions of law as to which the said Judges differ, as abstract propositions as directed and provided by statute:

Question: Are the defendants entitled as a matter of right to an order admitting them to bail in a *habeas corpus* proceeding when it appears from the record that the defendants had been indicted for murder in the first degree and were held on *mittimus* under such indictment, after a trial had been had which resulted in a conviction of murder in the second degree, from which an appeal was prosecuted to the Supreme Court and the case reversed and remanded for the reason that the trial court erroneously sustained the demurrers filed by the State to the defendant's pleas in abatement setting up as grounds for abating or quashing the indictment that the grand jury finding and returning such indictment was not drawn by an officer designated to draw the same at the time it was drawn.

In special term, this 9th day of August, 1911.

FOSTER, SAMFORD & CARROLL, and BALL & SAMFORD, for appellant. One indicted for murder in the first degree and convicted of murder in the second degree is acquitted of the higher charge, and cannot be again tried for that offense.—*Bell v. The State*, 48 Ala. 684; *Mitchell v. The State*, 60 Ala. 26. This being true, section 16 of the Constitution operates to give the petitioners bail as a matter of right.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. No jeopardy is shown and the cause having been reversed petitioner stands as if indicted for murder in the first degree.—*Finlay v. The State*, 61 Ala. 201; *Weston v. The State*, 63 Ala. 155.

SIMPSON, J.—This is an appeal from the decision of the chancellor on a petition to be allowed bail. The petitioners were indicted for murder in the first degree, and convicted of murder in the second degree. An appeal was taken to this court; the sole question being whether the court erred in sustaining the demurrer to a plea that the grand jury which found the indictment was not drawn "in the presence of the officers designated by law." This court reversed the case on the ground that said plea was good and that the demurrer should have been overruled.—*Spivey v. State,* 57 South. 493.

No oral evidence was offered before the chancellor; the claim of the petitioners being that the record showed that the petitioners had been tried on an indictment charging murder in the first degree, and had been found guilty of murder in the second degree, which, under our decisions, operated as an acquittal of the crime of murder in the first degree, and entitled the petitioners to bail. It is familiar law that, in order to sustain a defense of former jeopardy, or former acquittal or conviction, it is necessary that the former proceedings had been upon a valid indictment, on which a conviction could have been legally had.—12 ·Cyc. 261, 265.

While it is true that in this case no issue was taken upon the facts alleged in the plea, yet the defendants asserted the truth of those facts, the state, by demurring to the plea, confessed the truth of the allegations, and this court reversed the case, holding that the facts alleged, if true, established the insufficiency of the indictment, and, as a result, the judgment of conviction against the petitioners has been annulled. There are authorities to the effect that a party, having obtained the reversal of the judgment of conviction by setting up the invalidiy of an indictment, cannot be allowed to secure

a further benefit, by claiming that the judgment of conviction was valid, so as to entitle him to bail. He is estopped from asserting that the judgment of conviction was valid.—12 Cyc. p. 266b; *Joy v. State,* 14 Ind. 139, 152; *People v. Makim,* 61 Hun. 327, 329-330, 15 N. Y. Supp. 917; *United States v. Jones* (C. C.), 31 Fed. 725, 728; *State v. Meekins,* 41 La. Ann. 543, 6 South. 822, 823.

It will be noticed, in connection with what will be further said, that this refers only to the judgment *of conviction.* In our case of *Westen v. State,* 63 Ala. 155, 157, the cause was called for trial, and after a jury had been impaneled, and a witness sworn and examined, it was found that there had been such irregularity in the selection of the grand jury as would cause a reversal of the judgment after verdict against the defendant, and the judge stopped the case, quashed the indictment, and ordered the case to be submitted to another grand jury. On the second trial this court held that the defendant had not been in jeopardy, saying: "A defendant is never in jeopardy, when the indictment against him is so invalid that a judgment upon it would be annulled on appeal, no matter what may be the stage of the prosecution, when, *for that reason,* it is quashed.". (Italics supplied.)

In the case of *Berry v. State,* 65 Ala. 117, 122, two persons, B. and H., were jointly indicted for murder. H. was acquitted, and B. found guilty of murder in the second degree. B. appealed, and the case was reversed on account of the failure to organize the jury according to law, though no objection was raised to it in the court below on that account, and this court held that the verdict and judgment operated as a bar to another prosecution of H. and as a bar to the prosecution of B. for murder in the first degree. The court held that the de-

fect was an error or irregularity rendering the judgment subject to be arrested on motion or reversed on appeal, but that the judgment was not void, but was in full force until avoided in the proper manner. The court does "not doubt that, if an acquittal is obtained, because of the insufficiency of an indictment—and it may be insufficient, because found by a grand jury irregularly impaneled—that the judgment will not bar a subsequent prosecution. "But," says the court, "we are considering a different case—a judgment of acquittal, rendered upon a full hearing of evidence before a jury, in the record of which errors intervened, which did not enter into or affect that judgment; errors which, not affecting it, were thereafter incapable of correction, and into which no inquiry could be made. For the state could not, because of them, move in arrest of judgment, or prosecute a writ of error. Of them the parties acquitted could not be heard to complain, for they wrought to them no injury. * * * The real and only inquiry is whether the judgment of acquittal is void, because, if an adverse judgment had been rendered, that judgment could have been arrested or reversed by the appellants, for a latent irregularity in the proceedings, available only to them, which did not enter into or produce the judgment, and which neither they nor the state could invoke, to avoid it, in any direct proceeding. Does it not result that the state, by mere indirection, mere evasion, * * * escapes from the obligation of a judgment, which directly it cannot assail, if the inquiry should be answered affirmatively?" The court goes on to show that, while this court was bound to reverse the judgment of *conviction,* yet "the judgment of acquittal of H. was not and could not be inquired into; for he was not a party to the writ of error, and from that judgment a writ of error would not lie.

Nor would it lie from the judgment acquitting B. of murder in the first degree." The court also says that, if the irregularity had been brought to the attention of the court below, "it could have been only in reference to the judgment of conviction against B., and not in reference to so much of the verdict as acquitted him of murder in the first degree. * * * These verdicts were beyond the reach of vacation by any tribunal." The court concluded that H. was entitled to his discharge, and that B. could not again be tried for murder in the first degree.

It is true that the reasoning by Chief Justice Brickell in that case seems somewhat technical, yet it has long stood as the decision of this court; and, following the same reasoning, it cannot be said that the judgment of *acquittal* of murder in the first degree, in the present case, was based on the informality in the organization of the grand jury, although the judgment of conviction was subject to reversal by reason of said informality. The statute provides for holding the defendant to answer another indictment for the same offense only when *judgment is arrested, or indictment quashed,* on account of defects therein, or because not found by a grand jury regularly organized, etc.—Code 1907, § 7160. The indictment was not quashed in this case, but the defendants were put to trial on the facts, and the jury acquitted them of murder in the first degree, not on account of the defect in the indictment, but on the merits of the case; so that, in addition to the technical reasons, the spirit of the law is complied with by the expression of a jury on their guilt or innocence of the crime of murder in the first degree.

It may be said that the judgment was an entirety, and that the reversal of it on account of the irregularity abrogated the entire judgment, both as to conviction

and acquittal; but this has not been the theory upon which this court has acted, for it has always held that a conviction of a lesser degree of homicide was an acquittal of the higher degree, and that, although the judgment was reversed, the defendant could not again be tried for the higher degree.

It results that the petitioners are entitled to bail as a matter of right. All the Justices concur.