91 So.2d 503

Wylie CORBETT

v.

STATE.

5 Div. 463.

Court of Appeals of Alabama.

June 19, 1956.

Rehearing Denied Aug. 14, 1956.

Geo. P. Howard, Wetumpka, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was indicted for murder in the first degree.

In a previous trial he was adjudged guilty of murder in the second degree. On appeal this original judgment was reversed, and the cause remanded to the lower court.

Upon the call of the case for retrial the appellant moved for a continuance on the grounds that the appellant had not been arraigned as in a capital case; that there had been no order setting the case for trial as a capital case; that the case had not been set in the presence of the appellant as in capital cases; that a copy of the venire had not been served on appellant; that a copy of the indictment had not been served on appellant; and that there was no order fixing the date of trial.

In answer the Solicitor stated that this appellant had previously been tried on the indictment charging murder in the first degree, and convicted of murder in the second degree, thus excluding the higher charge; that defendant and his counsel knows he has been acquitted of the capital charge, and that appellant was being tried on the charge of murder in the second degree.

The court then stated that it was his opinion that appellant was aquitted of murder in the first degree, and could be tried only for murder in the second degree, a non capital offense, and no special venire, nor formal arraignment was required.

The court thereupon overruled the motion for a continuance, and gave an exception to the ruling.

The appellant thereupon objected to going to trial upon the same grounds as assigned to the motion for a continuance.

The court overruled this objection, and the appellant duly excepted.

The appellant then moved to quash the venire on the same grounds as assigned to the motion for a continuance, and this motion was likewise denied.

Most of the grounds assigned to the appellant's motions and objection are those requirements set forth in Sections 63 and 69, Title 30, Code of Alabama 1940, in reference to trials of persons charged with capital offenses.

Before entering into a discussion of the question now raised by the rulings of the court in the above instances it is probably well to note the provisions of Circuit Rule 30, Code 1940, Tit. 7 Appendix, which is as follows:

"A former acquittal or conviction shall be specially pleaded. And in capital cases, in which, on any former trial, a verdict of conviction has been rendered for any grade of the offense charged less than the highest, when the court calls the case for the purpose of making the usual order fixing the day for trial, the defendant shall be required by the court to announce his election to file or to waive his plea of former acquittal; and if the record of the former trial sustains such plea, its truth may be confessed by the solicitor, of which facts the court shall enter a memorandum on its docket; and in such case, the truth of the plea being admitted, no order shall be made for a special venire for the trial of the case."

In Barnett v. State, 28 Ala.App. 293, 184 So. 702, 703, certiorari denied 236 Ala. 666, 184 So. 709, virtually the same point was presented as is now under consideration, except that the appellant had been found guilty in his first trial only of manslaughter in the second degree. As is set forth by Rice, J., in his dissenting opinion, the court, at the commencement of the trial informed the jury that the accused was being tried only for manslaughter in the second degree.

In the majority opinion, written by Bricken, P. J., the applicable decisions are reviewed and quoted.

We feel that no clearer exposition of the law applicable to the point now under consideration could be set forth than that contained in Judge Bricken's opinion, which is as follows:

"As stated, the indictment charged this defendant with a capital felony, hence the action of the court complained of in this connection was error to a reversal. There are innumerable de-cisions of the appellate courts of this State to this effect. The fact, if it be a fact, that the defendant was tried before upon this indictment, which trial resulted in his conviction of a lower offense comprehended and included therein, did not relieve the court of the necessity of entering the orders prescribed and designated in the Code section, supra, as no order or judgment of the court had been entered in this case showing such fact, and no plea of autre fois acquit had been interposed by the defendant, and the defendant had taken no steps to avail himself of this right, which the law conferred upon him. The oral statement of the court, shown by the record, in this connection will not suffice, and any such oral statement cannot be substituted for the mandatory requirements and provisions of the statute.

"In the case of Burton v. State, 115 Ala. 1, 22 So. 585 [at page 587], Chief Justice Brickell for the Court said:

"'This indictment is in the form prescribed by the Code, and avers all the elements and constituents of murder in the first degree, which may be punished capitally,—by death, or by imprisonment in the penitentiary for life. The defendant having pleaded not guilty, the primary duty of the court— a duty to be performed in the personal presence of the defendant—was the setting a day for the trial of the cause; and the day having been set, at least one entire day prior thereto, the drawing of special jurors, not less than 25 nor more than 50, as the court deemed necessary, to be summoned by the sheriff, under the order of the court, and added to the panel of petit jurors organized for the week; the two constituting the "venire" as it is termed in the statute, from which the jury for the trial were to be selected. Cr.Code 1886, p. 134, note, § 10. A judgment of conviction on an indictment for an offense which may be punished capi-

tally, cannot be supported, when drawn in question on error, unless it is shown affirmatively by the record that there was by the court performance of these duties. Spicer v. State, 69 Ala. 159; Sylvester v. State, 71 Ala. 17; Posey v. State, 73 Ala. 490; Jordan v. State, 81 Ala. 20, 1 So. 577; Washington v. State, 81 Ala. 35, 1 So. 18; Watkins v. State, 89 Ala. 82, 8 So. 134. The present record does not affirmatively show that a day was set for trial of the cause, nor that there was the drawing of the special jurors for the trial, as the statute requires. It appears, rather, from the record, that there was not observance of the statute in either respect.

" 'If it were permissible to look to the record of this case when here at a former term (Burton v. State, 107 Ala. 108, 18 So. 284), it would appear that there had been a trial on which there was a conviction of murder in the second degree, operating an acquittal of murder in the first degree, if the acquittal had been pleaded specially by the defendant, withdrawing the case from the operation of the statutes in regulation of trials for offenses subject to capital punishment. Jordan v. State, supra. But we cannot supplement the deficiency of records by referring to the records of the former terms of this court, though it may be a record in the particular case. And, if the record was looked to, the error of the court would not be cured. The acquittal of murder in the first degree, under the practice established in De Arman v. State, 77 Ala. 10, emphasized by the rule of practice promulgated by this court December 13, 1887 (82 Ala. viii), requires the acquittal to be pleaded specially, to avoid a conviction of that offense. The record does not disclose the filing of the plea, and, as the case is presented, there was not the observ-

ance of the mandatory requirements of the statute. The failure to observe them is an error necessitating a reversal of the judgment of conviction.'

"In Linnehan v. State, 116 Ala. 471, 22 So. 662 [at page 664], the court said:

" 'The record in this case does not show that the defendant had been once tried on this indictment, and convicted of murder in the second degree. The court did not set a day for the trial of the cause, and order the number of jurors prescribed by the statute for the trial, and have a list of them and copy of the indictment served on the defendant, in the manner prescribed for the trial of capital cases. Section 10 of the jury law (Cr.Code 1886, p. 134). Nor does it appear of record, that the defendant pleaded specially, that he had been acquitted on a former trial of murder in the first degree, in order to avoid a conviction of that offense, as required in such cases by rule 31, 82 Ala. viii. That rule makes it the duty of the court to require the defendant, in a case for it, "to announce his election to file or waive his plea of former acquittal." His election to file this plea or to waive it, should appear of record. If he file it, its truth may be confessed by the solicitor, in which case, no order for a special jury to try him shall be made. None of the prerequisites for a failure to set a day for the trial of this cause as for a capital offense, and the summoning of a special venire for the trial, appear in the transcript of the record; and as for anything there appearing, the defendant was tried for an offense which might have been punished capitally, without observing the mandatory requirements of the statute for such a trial. This was erroneous. Burton v. State (115 Ala. 1), 22 So. 585. The

error was not cured, by what occurred afterwards in the course of the trial, appearing alone from the bill of exceptions, as to the statement of the solicitor, that he would elect to prosecute the defendant for murder in the second degree.'

"See, also, the case of Ex parte Williams (Williams v. State), 213 Ala. 121, 122, 104 So. 282."

In the more recent case of Thomas v. State, 255 Ala. 632, 53 So.2d 340, 342, the judgment entry recited:

" 'The Solicitor, who prosecutes for the State, and the defendant's attorney in open court, having agreed that the defendant was heretofore tried under the indictment herein and a verdict of conviction of Murder in the Second Degree rendered, the verdict having been set aside and a new trial granted that by operation of the law the defendant has been acquitted of Murder in the First Degree; that the defendant is now being put to trial for Murder in the Second Degree under the indictment herein, and the defendant having heretofore been duly arraigned on March 14, 1949, and having on that day plead not guilty and not guilty by reason of insanity comes now also in his own proper person and by attorney. Thereupon came a jury of twelve good and lawful men, towit: * * *.' "

The late Justice Brown wrote the opinion in this case. In reference to the procedure followed he observed:

"The second trial was entered upon without following the usual and correct practice of rearraignment of the defendant, explaining to him the effect of the verdict on the first trial and his right to plead acquittal of murder in the first degree. Stephens v. State, 254 Ala. 50, 46 So.2d 820; Howard v. State, 165 Ala. 18, 29, 50 So. 954;

Crawford v. State, 112 Ala. 1, 17, 21 So. 214; 8 R.C.L. p. 107, § 70; 8 R.C. L. p. 108, §§ 72–74. 'When the defendant in a felony case is arraigned he is brought to the bar to plead in person, and it is quite generally held that a plea by his attorney will be considered a mere nullity, except a plea of not guilty—which plea cannot injure his client. * * *' 8 R.C.L. p. 109, § 74; Note: 13 L.R.A.,N.S., 814; 14 Am. Jur. p. 939, §§ 249, 259.

"If the scope of the indictment has been changed by amendment or otherwise, the defendant should not be put on trial without rearraignment. 14 Am.Jur. p. 941, § 253. If the accused fails to plead autrefois acquit as to murder in the first degree, he waives his immunity from a second prosecution for the higher offense. 14 Am. Jur. p. 945, § 261; Stephens v. State, 254 Ala. 50, 46 So.2d 820.

"While there is apparent conflict in our cases as to the effect of granting a motion for new trial by the trial court, see Reynolds v. State, 1 Ala.App. 24, 55 So. 1016; Savage v. State, 12 Ala. App. 116, 68 So. 498, the weight of authority and the best considered opinions hold that where there is a trial on the merits under a valid indictment for murder in the first degree and a new trial is granted on appeal or on motion for new trial, the conviction for a lesser offense embraced in the indictment furnishes the basis for a plea of autrefois acquit of the higher offenses, if pleaded on a subsequent trial. Stephens v. State, supra; Berry v. State, 65 Ala. 117; Ex parte Spivey, 175 Ala. 43, 57 So. 491; Fields v. State, 52 Ala. 348; Mitchell v. State, 60 Ala. 26; Smith v. State, 68 Ala. 424; De Arman v. State, 71 Ala. 351; Sylvester v. State, 72 Ala. 201; State v. Standifer, 5 Port. 523; 6 Ala.Dig., Criminal Law, ☞193½, page 118.

"The statute provides and the law contemplates that all pleas in criminal cases, except pleas of guilty, not guilty, and not guilty by reason of insanity be in writing and filed by the clerk of the court. Pleas of guilty and not guilty and not guilty by reason of insanity may be pleaded orally or in writing. Code of 1940, Tit. 15, § 278 et seq.; Crawford v. State, 112 Ala. 1, 21 So. 214.

"The statute requires that the defendant be arraigned and be advised by the court as to the nature and substance of the charge against him and, in cases of indictment for charges of felony, that the defendant be called on to plead in person. Howard v. State, 165 Ala. 18, 28, 29, 50 So. 954; Code of 1940, Tit. 15, §§ 278–288."

Two other matters were also held to be causes for reversal of the case, one being that a statement by the deceased had been admitted erroneously without establishing it as a dying declaration, and the other being that the verdict was contrary to the great weight of the evidence.

Foster, J., concurred in Justice Brown's opinion.

Livingston, C. J., and Simpson, J., concurred in so much of the opinion as held that the predicate for the admission of the alleged dying declaration was insufficient, and that the verdict was contrary to the great weight of the evidence.

While therefore the opinion of Brown, J., in so far as it relates to the point now under consideration may not be considered as an opinion of the Supreme Court thereon, a majority of the court not concurring, yet, there was no specific dissent as to the conclusions reached, by the two Justices concurring specially. The persuasive charac-ter of Justice Brown's conclusions on this point must be accorded great weight by us.

All in all it tends to reinforce the doctrine enunciated in the Barnett case, supra, and the cases cited therein.

It is our conclusion therefore that the lower court erred in its rulings in the premises above discussed, and that such erroneous rulings necessitate a reversal of this judgment.

Several other points are urged as error in brief of counsel for appellant. Such matters are not likely to arise in another trial of this case. We therefore reserve consideration of them.

Reversed and remanded.

On Petition for Rehearing.

In his brief in support of the State's application for rehearing the Attorney General requests that we extend our opinion to show:

1. That a certificate of reversal was included in the record.

2. That the lower court in its oral charge instructed the jury that the appellant was on trial for murder in the second degree only, and the court did not define murder in the first degree, but gave instructions only as to murder in the second degree, and manslaughter, and counsel expressed satisfaction with the charge.

3. The judgment entry recites:

" * * * the defendant having been arraigned heretofore under the indictment and placed on trial for murder in the 1st degree, and having been convicted of murder in the 2nd degree, and the cause having been reversed by the Appellate Court, the said defendant is now placed on trial for the of-

542

fense of murder in the 2nd degree as charged in and included· in said indictment and appears before the court, attended by his counsel, for his plea thereto, pleads and says that he is not guilty. Issues being joined a trial is had."

4. That the defendant pleaded not guilty to murder in the second degree.

We are glad to comply with the request of the Attorney General as above outlined, but do not think that these additional facts can be deemed to materially affect the conclusion reached.

This for the reason that this defendant by the rulings of the trial court at the outset of the trial was deprived of a substantial right given to him by the Constitution, the Statutes, and the Rules of Court of this State.

As stated in Spooney v. State, 217 Ala. 219, 115 So. 308, 310:

"The right of trial by jury is fundamental in our jurisprudence, guaranteed by the Constitution (Const.1901, §§ 6, 11), and if this guaranty means anything at all, it is that the defendant is entitled to trial by a jury selected and impaneled as prescribed by the law of the land."

Any other principle of law that might seem contradictory cannot supercede, but must give way to fundamental constitutional rights.

Section 6 of our Constitution, Sections 63 and 69 of Title 30, Code of Alabama 1940, and Circuit Court Rule 30, clearly spell out the rights to which this appellant was entitled in the matter of the arraignment, setting of his case for trial, serving him with a copy of the venire, etc.

The appellant made timely objections to being put on trial because of the omission to comply with the requirements above mentioned. These objections were overruled. Error infected the entire proceedings be-

cause of these rulings, and the subsequent statements by the Solicitor, and statements and instructions to the jury by the trial court, cannot be deemed to have vitiated and rendered harmless the prior rulings by which the appellant was deprived of his constitutional rights.

Application overruled.