318 So.2d 801

**Billy Don CLARK**

**v.**

**STATE.**

**6 Div. 494.**

Court of Criminal Appeals of Alabama.

March 26, 1974.

Rehearing Denied April 23, 1974.

**64**

William M. Dawson, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Tuscaloosa County, Alabama, indicted the appellant with first degree murder of Donald Richard Gwin. At arraignment the appellant entered pleas of not guilty, and not guilty by reason of insanity.

Prior to trial date, the appellant's sworn plea of autre fois acquit was overruled by the trial court.

At trial the Jury returned its verdict of guilty of murder in the first degree and set punishment at life imprisonment. The trial court then entered its judgment, setting sentence in accordance with this verdict. The appellant's motion for new trial, which raised the plea of autre fois acquit, was overruled.

I

Article I, Section 9, Constitution of Alabama 1901, is as follows:

"That no person shall, for the same offense, be twice put in jeopardy of life or limb; but courts may, for reasons fixed by law, discharge juries from the consideration of any case, and no person shall gain an advantage by reason of such discharge of the jury."

In appellant's sworn plea, he raised his prior plea of guilty, entered on June 9, 1970, to the indictment in question, stating that the trial court's acceptance of this plea and judgment, which found the appellant guilty of murder in the second degree, and fixed punishment at life imprisonment, operated as an acquittal of first degree murder. The trial court overruled this plea.

The appellant's prior guilty plea was appealed to this Court and reversed in an opinion reported as *Clark v. State,* 48 Ala. App. 108, 262 So.2d 310, cert. denied 288 Ala. 736, 262 So.2d 312. This plea had been accepted in accordance with the provisions of Title 15, Section 277, Code of Alabama 1940, as amended 1969. The reversal was for failure to follow the mandate of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

We must reverse and remand.

The trial court at arraignment failed to follow the provisions of *Thomas v. State,* 255 Ala. 632, 53 So.2d 340, as follows:

"The second trial was entered upon without following the usual and correct practice of rearraignment of the defendant, explaining to him the effect of the verdict on the first trial and his right to plead acquittal of murder in the first degree. *Stephens v. State,* 254 Ala. 50, 46 So.2d 820 . . . ."

■ While this defense may be waived by failing to formally plead same, *Thomas v. State,* supra, a review of the Alabama authorities leads us to the conclusion that

such former conviction (here on a guilty plea) properly plead constitutes an acquittal of the charge of first degree murder. This is the settled law of Alabama. *Corbett v. State,* 38 Ala.App. 536, 91 So.2d 503; *Lewis v. State,* 51 Ala. 1; *Mitchell v. State,* 60 Ala. 26; *Nutt v. State,* 63 Ala. 180; *Berry v. State,* 65 Ala. 117; *Smith v. State,* 68 Ala. 424; *DeArman v. State,* 71 Ala. 351; *Sylvester v. State,* 72 Ala. 201; *Jordan v. State,* 81 Ala. 20, 1 So. 577; *Burton v. State,* 115 Ala. 1, 22 So. 585; *Ferguson v. State,* 141 Ala. 20, 37 So. 448; *Ex parte Spivey,* 175 Ala. 43, 57 So. 491; *Roberson v. State,* 183 Ala. 43, 62 So. 837; *Ex parte Williams,* 213 Ala. 121, 104 So. 282; *Ison v. State,* 252 Ala. 25, 39 So.2d 249; *Thomas v. State,* 255 Ala. 632, 53 So.2d 340.

The trial court's theory, apparently in overruling the plea of former jeopardy, was that such being upon a guilty plea and appeal therefrom, the proceedings were returned to the same point as the initial arraignment. This theory was expressly disapproved in *Smith v. State,* 253 Ala. 277, 44 So.2d 250, as follows:

"Express disapproval, however, of such a theory has heretofore been pronounced by this court. The acquittal of the defendant of the offense charged operated as a bar to further prosecution, notwithstanding such conviction was reversed for error committed on trial in ruling on the plea in abatement. *Ex parte Spivey,* 175 Ala. 43, 57 So. 491."

Moreover, as stated by the Supreme Court of the United States, in *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199:

". . . When a man has been convicted of second degree murder and given a long term of imprisonment it is wholly fictional to say that he 'chooses' to forego his constitutional defense of former jeopardy on a charge of murder in the first degree in order to secure a reversal of an erroneous conviction of the lesser offense. In short, he has no meaningful choice. . . ."

■ Thus, a successful appeal is no waiver of the right to plead former jeopardy.

Nor should there be a distinction accorded here because the former conviction is based on a plea of guilty. *Markiewicz v. Black,* 138 Colo. 128, 330 P.2d 539, 75 A.L.R.2d 678, holds:

"The general rule as to the point of time when or the state of the prosecution at which jeopardy attaches is well stated in 22 C.J.S. Criminal Law § 241, p. 375 as follows:

" '. . . The general rule established by the preponderance of judicial opinion and by the best considered cases is that, when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned, and has pleaded, and a jury has been impaneled and sworn, he is in jeopardy, but that, until these things have been done, jeopardy does not attach . . . it is not ordinarily necessary that the prior trial shall have resulted in a valid judgment either of conviction or acquittal; it is sufficient if the prisoner was actually placed in jeopardy in that he was in danger of having a valid judgment pronounced as the result of the trial; it is not the verdict or judgment which places a prisoner in jeopardy. In a case submitted to the court without a jury, jeopardy begins after accused has been indicted, arraigned, and has pleaded, and the court has begun to hear the evidence, or the trial has begun by reading of the indictment to the court. This assumes of course, that the court has jurisdiction.'

"And the rule in case of a plea of guilty is stated in 22 C.J.S. Criminal Law § 248, p. 385:

" '. . . A plea of guilty to an indictment, in good faith, with its entry on the record, is jeopardy, although judgment

was suspended or the prosecution was dismissed without the consent of accused; but accused is not in jeopardy if his plea of guilty is extorted by duress or by fear of mob violence.' "

■ Secondly, the State suggests that, because the punishment imposed on second conviction, i. e., life imprisonment, was the same as that imposed at first trial, the error is harmless. This argument was expressly rejected by the Supreme Court of the United States in *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300, as follows:

"One further consideration remains. Because the petitioner was convicted of the same crime at both the first and second trials, and because he suffered no greater punishment on the subsequent conviction, Georgia submits that the second jeopardy was harmless error when judged by the criteria of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

"We must reject this contention. The Double Jeopardy Clause, as we have noted, is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly. Further, and perhaps of more importance, we cannot determine whether or not the murder charge against petitioner induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence. See *United States ex rel. Hetenyi v. Wilkins*, 348 F.2d 844 (C.A.2d Cir. 1965), cert. denied, *Mancusi v. Hetenyi*, 383 U.S. 913, 86 S.Ct. 896, 15 L.Ed.2d 667 (1966)."

We see no valid distinction between a judgment resting on a plea of guilty and one resulting from a plea of not guilty and issue joined. *Kring v. Missouri*, 107 U.S.

221, 2 S.Ct. 443, 27 L.Ed. 506, Anno., 75 A.L.R.2d 683, § 3.

We distinguish *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, as above set forth.

Because of this holding, we pretermit consideration of other assignments of error.

Accordingly, the judgment. below is

Reversed and remanded.

CATES, P. J., and ALMON and HARRIS, JJ., concur.

DeCARLO, J., dissents.

DeCARLO, Judge (dissenting):

I am unable to concur in the judgment of my brothers in this case.

It is my opinion there *is* a distinction "between a judgment resting on a plea of guilty and one resulting from a plea of not guilty and issue joined." A conviction following a jury verdict is a factual determination of guilt while the acceptance of a plea before a trial judge is not. I do not think a conviction and sentence on a plea of guilty implies that the trial judge made an evidentiary finding of the elements required for conviction. This plea is merely an announcement of guilt by the accused with a pronouncement of that guilt by the judge.

Generally, the guilty plea represents a negotiation among the accused, his attorney, and the prosecutor. It would follow that a conviction based on this type of plea should be governed by a different legal principle.

If the instant case had been a proceeding wherein a jury had heard the evidence and determined whether accused was guilty of first degree murder or second degree murder, then the State would be bound by that finding. Under Alabama law, if the verdict had been second degree murder, the appellant could not thereafter be tried for a greater offense.

At the time appellant was first convicted, no jury was empanelled and no evidence

was presented. The judge did not make a factual determination that the appellant was guilty of second degree murder, but his judgment was based solely on the petitioner's own assertions to the court.

Further, I am not persuaded that *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, is distinguishable, as set out in the majority opinion.