301 So.2d 261

**Joan GOODWIN**

v.

**STATE.**

**6 Div. 658.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant was charged with murder in the first degree, convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for 20 years.

At trial on the merits she entered a plea of not guilty and not guilty by reason of insanity.

It appears from the evidence, both circumstantial and by admission of the appellant, that on September 18, 1965, the appellant stabbed and killed her infant child of six months at her home. At the time of the killing the appellant, her husband, several children from a former marriage, and the infant above referred to, all occupied a house in a residential area of Birmingham. There was no eyewitness to the killing.

Soon after the homicide the appellant was committed by order of the circuit court to Bryce Hospital where she stayed from October 1965 through September 1966. She was at that time returned to Jefferson County where an indictment charging murder in the first degree was returned by the grand jury on November 11, 1966. On July 7, 1967, she was again committed to Bryce Hospital by order of the circuit court where she remained until August 10, 1973. At that time the superintendent of Bryce Hospital certified her as

J. Massey Relfe, Jr., Birmingham, for appellant.

William P. Gray, Jr., Sp. Asst. Atty. Gen., Tuscaloosa, for the State.

being sane and competent to stand trial, and she was returned to Jefferson County.

On October 10, 1973, the date on which the case was set for trial in the circuit court, the court ordered an inquisition and impanelled a jury under Title 15, Section 426, Code of Alabama 1940, Recompiled 1958, to determine whether the appellant was competent to stand trial at that time. After hearing the testimony offered, the jury found the appellant sane, and on October 11 her trial was begun under the charge in the indictment.

■ The first contention in appellant's brief is that, although the trial court acted properly in initiating and proceeding with the lunacy hearing under the authority of Title 15, Section 426, Code of Alabama 1940, Recompiled 1958, the court erred in the manner of the selection of the jury for the lunacy inquisition. The record with regard to this particular phase of the proceeding is as follows: "(WHEREUPON, twelve cards were drawn from the jury box by the Court, in the presence of all parties, including the defendant in her own proper person and the following proceedings were then had and done:)"

We may observe that the above-mentioned Code section makes no special provision on how a jury should be impanelled, but be that as it may, no objection was made to this mode of procedure in the trial court, and matters not objected to in the trial court cannot be raised for the first time on appeal. Welch v. State, 278 Ala. 177, 176 So.2d 872; Felton v. State, 47 Ala.App. 182, 252 So.2d 108.

The appellant next urges that reversible error appears in the action of the court in admitting into evidence the medical records from Bryce Hospital from August 1965 to September 1966; and from July 1967 until August 1973. The objection seems to be made in appellant's brief that among the records admitted and in fact intertwined therein, there were records made and opinions of others than the doctors and experts qualified to testify as to various matters appearing therein; and that this evidence was highly prejudicial to the rights of the appellant.

The record shows that the matter in question was admitted by agreement between the State and appellant and a stipulation to this effect appears in the record at page 25. Nowhere in the record do we find any objection to any part of these records, it appearing to be understood between counsel that the entire matter therein was covered by the stipulation above referred to.

At any rate, there being no objection made to this particular matter at the trial of this case, it cannot be considered for the first time on appeal. Felton v. State, supra; Welch v. State, supra.

■ At the conclusion of the oral charge and before the jury had retired, it appears there was an off-the-record discussion, inaudible to the court reporter, following which the court announced to the jury.

"THE COURT: For the record, note an exception by the defendant to the Court having charged on the penalties for the offense of murder in the first degree, including death.

"MR. DAWSON: And a further exception to charging the jury in regard to murder—either degree of murder.

"THE COURT: All right. Note that exception. Any further exceptions?"

As noted by the exception above, the trial court charged on the penalty for murder in the first degree, including death as set forth in Title 14, Section 318, Code of Alabama 1940. This is in error, in view of the pronouncement by the Supreme Court of the United States in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d

346; the inclusion of the death penalty as a possibility should no longer be given in the oral charge in light of the opinion of the Supreme Court of Alabama in Hubbard v. State, 290 Ala. 118, 274 So.2d 298.

However, in the case at bar the jury brought in a verdict of guilty of murder in the second degree and fixed punishment at twenty years imprisonment. In view of this verdict and judgment in accordance with same, such operates as an acquittal of the charge of first degree murder. Corbett v. State, 38 Ala.App. 536, 91 So.2d 503; Lewis v. State, 51 Ala. 1; Mitchell v. State, 60 Ala. 26; Nutt v. State, 63 Ala. 180; Berry v. State, 65 Ala. 117; Smith v. State, 68 Ala. 424; DeArman v. State, 71 Ala. 351; Sylvester v. State, 72 Ala. 201; Jordan v. State, 81 Ala. 20, 1 So. 577; Burton v. State, 115 Ala. 1, 22 So. 585; Ferguson v. State, 141 Ala. 20, 37 So. 448; Ex parte Spivey, 175 Ala. 43, 57 So. 491; Roberson v. State, 183 Ala. 43, 62 So. 837; Ex parte Williams, 213 Ala. 121, 104 So. 282; Ison v. State, 252 Ala. 25, 39 So.2d 249; Thomas v. State, 255 Ala. 632, 53 So.2d 340.

Because of this, error to reversal is not shown. Cases herein cited.

We have studied the entire record of this lamentable case and found no substantial error to warrant a reversal. It appears that the case was properly submitted to the jury by the trial court for its determination of the guilt or innocence of the appellant under her pleas. The case is due to be and is hereby affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.