39 So.2d 249

**ISON v. STATE.**

**5 Div. 467.**

Supreme Court of Alabama.

Feb. 24, 1949.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the petition.

R. C. Wallace, of LaFayette, opposed.

SIMPSON, Justice.

The Court of Appeals reversed the judgment of the lower court on two grounds: first, the improper abridgement by the trial court of the cross-examination of the principal State's witness when the defendant sought to elicit proof as to the person from whom the witness procured the alleged murder weapon which the State was proffering as evidence in the case; and, second, the refusal to give the special written charge requested by the defendant, "The court charges the jury that there was no duty on the defendant to retreat in this case."

Certiorari will be denied, but we deem it proper to set forth our views. .

■ As regards the first ground, only a full review of the record could disclose the pertinency or importance of the evidence which was sought to be elicited and whether or not the trial judge abused his discretion in forbidding its introduction. The entire evidence is not before us and, under our limited review, we cannot go to the record but will adopt the conclusions of the Court of Appeals thereon.

As to the second proposition, regarding the propriety of refusing the quoted charge, it of course would depend on whether or not the defendant was without fault.

■ The law on this question is thus stated in Baugh v. State, 215 Ala. 619, 621, 121 So. 157, 159: "A person attacked in his own dwelling, under conditions otherwise entitling him to strike in self-defense,

is not required to retreat although his assailant also resides in the same dwelling."

And, in the recent case of Bryant v. State, post p. 153, 39 So.2d 657, 658, in pointing out that the propriety of giving a charge such as the one here considered depended on the state of the evidence, it was there noted: "A proper statement of the pertinent doctrine is that a person is not obligated to retreat where, being without fault in bringing on the difficulty, he is assaulted while in his dwelling house, office, or place of business, or within the curtilage thereof, and it is immaterial whether the assailant is an intruder or another lawful occupant of the premises, but a defendant not so circumstanced is without the benefit of the doctrine."

Therefore, if there was evidence affording an inference that the defendant willingly engaged in the altercation culminating in the death of the deceased, the quoted charge should have been refused.

In the light of another trial, we have considered it necessary to make the foregoing observations.

Writ denied.

BROWN, LIVINGSTON and STAKELY, JJ., concur.