Joseph A. Colquitt, Tuscaloosa, for appellant.

262 So.2d 310

**Billy Don CLARK**

**v.**

**STATE.**

**6 Div. 216.**

Court of Criminal Appeals of Alabama.

March 7, 1972.

Rehearing Denied April 4, 1972.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment in this case charges murder in the first degree. To this indictment the appellant, on November 4, 1969, entered pleas of not guilty and not guilty by reason of insanity, and was granted leave to plead further by the trial court. The cause was thereafter twice continued for trial, and on June 9, 1970, the appellant appeared in open court, accompanied by counsel, withdrew his pleas of not guilty and not guilty by reason of insanity and entered a plea of guilty to murder in the second degree. On this date, we find the following:

"MR. SKIDMORE: Your Honor, please, I would like to make a brief statement to the Court.

"THE COURT: I would like to first maybe swear Billy Don and to make sure the plea is free and voluntary.

"MR. BURROUGHS: You waive a special venire?

"MR. SKIDMORE: Yes, sir.

"MR. SKIDMORE: He has religious convictions against taking an oath so he will affirm, so when you administer the oath, if you will, let him affirm.

"BILLY DON CLARK was then first duly sworn (affirmed) to speak the truth, the whole truth, and nothing but the truth.

"THE COURT: Billy Don, the Court is informed you want to enter a plea of guilty in this case in which you are charged with murder in the first degree. Do you want to plead guilty to second degree murder?

"MR. CLARK: Yes, sir.

"THE COURT: The Court will accept your plea provided it is free and voluntary. You don't expect any special reward?

"MR. CLARK: No, sir.

"THE COURT: Nobody has threatened you?

"MR. CLARK: No, sir.

"THE COURT: You understand the nature of the charge? You understand you can have a trial here?

"MR. CLARK: Yes, sir.

"THE COURT: We can get your witnesses here if you want to have a trial.

"MR. CLARK: No, sir.

"THE COURT: We will accept your plea with the understanding it is a voluntary plea on your own part, and you have as good a lawyer as anybody can have. Do you want to question him?

"MR. SKIDMORE: Yes, sir."

Thereafter follows a discussion between counsel and the appellant as to their discussions prior to trial, counsel's advice to his client, and his expressed satisfaction in the representation by this attorney, then the following:

"MR. SKIDMORE: That is all.

"THE COURT: All right, Billy Don, you may stand in front of the counter.

**110**

Do you plead guilty to murder in the second degree as charged in this indictment?

"MR. CLARK: Yes, sir.

"THE COURT: In other words, there are four different degrees of unlawful homicide embraced in the indictment which charge you with murder in the first degree, but you want to plead guilty to murder in the second degree, and do you understand what the plea is and you have made it clear to me it is voluntary?

"MR. CLARK: Yes, sir.

"THE COURT: Do you have anything to say why the sentence of the law should not now be pronounced on you?

"MR. CLARK: I am sorry I caused this trouble.

"THE COURT: All right, on your plea of guilty to murder in the second degree it is the judgment of the Court you are guilty of murder in the second degree as charged in the indictment and the Court fixes your punishment at imprisonment in the penitentiary of Alabama for life and I have a feeling you will make a model prisoner down there and I know your conduct will be exemplary and I know you will be a tremendous help to the authorities down there and we wish you good luck."

The question presented on this appeal is whether the record shows a valid waiver of constitutional rights by defendant before he was permitted to withdraw his pleas of not guilty and enter a plea of guilty.

In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, decided June 2, 1969, and which was applicable to defendant's plea of guilty entered June 9, 1970, the court said:

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, (1012). Admissibility of a confession must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' Jackson v. Denno, 378 U.S. 368, 387, 84 S.Ct. 1774, 1786, 12 L.Ed.2d 908, (922), 1 A.L.R.3d 1205. The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, (77), we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'

"We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. Douglas v. Alabama, 380 U.S. 415, 422, 85 S.Ct. 1074, 1078, 13 L.Ed.2d 934.

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20

L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record."

Here, the trial court did ascertain that the appellant was not threatened, intimidated, nor coerced to enter a plea of guilty and that he was not induced by a promise to enter such plea. However, the exacting constitutional check list imposed by *Boykin* requires more than this. As stated in *Boykin*, supra, "The question of an effective waiver of a federal constitutional right in a proceeding is, of course, governed by federal standards" and that, "Presuming waiver from a silent record is impermissible."

Thus, the record at bar does not affirmatively reflect advice by the trial judge as to the privilege against compulsory self-incrimination, nor does the record affirmatively reflect advice by the trial judge as to the maximum and minimum punishment allowed by law. Ware v. State, 44 Ala.App. 679, 219 So.2d 910; Cooper v. State, 47 Ala.App. 178, 252 So.2d 104, cert. denied 287 Ala. 728, 252 So.2d 108.

As pointed out in Cooper v. State, supra:

"The federal standards established by Boykin, supra, demand, 'the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he had a full understanding of what the plea connotes and of its consequences."

That which was done in this case falls short of the *Boykin* standards.

The judgment is due to be and hereby is reversed and the cause is remanded.

Reversed and remanded.

PRICE, P. J., and ALMON and CATES, JJ., concur.