318 So.2d 805

**In re Billy Don CLARK**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 822.**

Supreme Court of Alabama.

Sept. 12, 1974.

**486**

William M. Dawson, Jr., Birmingham, for respondent.

HARWOOD, Justice:

The petitioner, Billy Don Clark, in the matter now before us by virtue of the state's petition for a writ of certiorari, was originally indicted for murder in the first degree. He entered pleas of not guilty, and not guilty by reason of insanity. Later Clark, accompanied by highly competent counsel, appeared in open court, withdrew his pleas of not guilty, and not guilty by reason of insanity, and entered a plea of guilty of murder in the second degree. Thereafter, he was adjudged guilty of murder in the second degree by the court and sentenced to life imprisonment.

We think it reasonably inferable that this action was the result of plea bargaining, a procedure not to be frowned upon. As observed by Chief Justice Burger in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427:

"* * * The disposition of criminal charges by agreement between the prose-

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State, petitioner.

cutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities."

An appeal was perfected from the judgment thus entered, and the Court of Criminal Appeals reversed the judgment on the grounds that the record did not affirmatively reflect that the trial judge advised Clark as to his privilege against self-incrimination, nor was he advised as to the maximum and minimum sentence that might be imposed upon him by reason of his plea of guilty. See *Clark v. State*, 48 Ala.App. 108, 262 So.2d 310. Such is the requirement of *Boykin v. Alabama*, 395 U. S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

On the basis of this finding by the Court of Criminal Appeals, this court properly denied the state's petition for a writ of certiorari. *Clark v. State, Ex parte State, etc.*, 288 Ala. 736, 262 So.2d 312.

■ On 24 October 1972, after remandment of the cause to the Circuit Court of Tuscaloosa County, Clark was re-arraigned. He entered a plea of not guilty, and not guilty by reason of insanity. On this same day, counsel for Clark filed a demurrer to the indictment on the ground that the indictment encompassed murder in the first degree and Clark could not be found guilty of an offense greater than murder in the second degree. This demurrer was defective because of the lack of specificity of the ground assigned. Further, autrefois acquit can only be raised by a special plea. Rule 30, *Circuit and Inferior Court Rules*, Title 7, Code of Alabama 1940; *Anthony v. State*, 49 Ala.App. 462, 273 So.2d 222.

On this same day counsel for Clark filed a motion to strike those allegations in the indictment charging murder in the first de-

gree, asserting that the reversal of Clark's case on his plea of guilty of murder in the second degree precluded further consideration of murder in the first degree.

While this document is entitled a motion, it appears to be in essence a plea of autrefois acquit, and we shall so treat it. This motion or plea was overruled by the court.

Thereupon Clark again entered pleas of not guilty, and not guilty by reason of insanity. After a lengthy trial, the court submitted to the jury the charge of murder in the first degree, as well as the lesser offenses included in the indictment. The jury returned a verdict finding Clark guilty of murder in the first degree, and his punishment was again fixed at life imprisonment.

Upon appeal, this second judgment was reversed by the Court of Criminal Appeals on the grounds that the lower court erred in overruling Clark's plea of autrefois acquit as to murder in the first degree. We granted the state's petition for a writ of certiorari. Our conclusion is that the Court of Criminal Appeals erred in reversing the second judgment.

In the course of its opinion, 56 Ala.App. 63, 318 So.2d 801, the Court of Criminal Appeals writes:

"* * * A review of the Alabama authorities leads us to the conclusion that such former conviction [of murder in the second degree] (here on a guilty plea) properly plead constitutes an acquittal of the charge of first degree murder. This is the settled law in Alabama."

The court cites some fifteen cases in support of the above statement. We have examined each and every one of the cases cited. *Lewis v. State*, 51 Ala. 1, and *Ison v. State*, 252 Ala. 25, 39 So.2d 249, among the above cited cases, do not, as we read them, in any wise support the statement.

■ The principle enunciated in the remaining citations is to the effect that when one is *tried* under an indictment charging murder in the first degree, and is found

guilty of a lesser included homicide, such finding is an acquittal of murder in the first degree, and such acquittal may be pleaded as a bar to the higher charge of murder in the first degree in the event of a second trial on the indictment, if the defendant so desires. Such principle, however, presupposes a prior *trial* and acquittal of the higher offense. Thus, having been acquitted after a trial and full evidential hearing of the greater offense of murder in the first degree, he cannot, over proper plea, be again tried for the same offense. Otherwise the provisions of Article 1, Section 9 of our Constitution of 1901 prohibiting double jeopardy would be violated, as well as the Fifth Amendment to the Constitution of the United States, which is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.

■ In a full evidentiary adversary hearing, a concomitant of every trial, the jury, or the judge, is presented with facts upon which a determination of the degree of a crime may be made. If the trier of fact determines that the evidence supports a finding of guilty of only a lesser included crime than the one charged, then it should be, and is, presumed that the accused is thereby acquitted of the higher offense.

Should this presumption be indulged where the judgment of guilt is based on a plea of guilty?

■ In a plea of guilty proceedings the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Further, the judge should be satisfied that there is a factual basis for the plea. See *Fed.Rule Crim.Proc.,* Rule 11; ABA *Standards for Criminal Justice, Standards Relating to Pleas of Guilty,* Secs. 1.3–1.8, at 22–36.

■ In such proceedings a trier of fact does not seek to determine if the accused's actions would justify a conviction on the full charge contained in an indictment, but only if such action satisfies the degree of guilt admitted by the plea.

As stated in *Woodard v. State,* 42 Ala. App. 552, 171 So.2d 462:

"A plea of guilty is more than a voluntary confession made in open court. It also serves as a stipulation that no proof by the prosecution need be advanced, except as expressly provided by statute (e. g., T. 15, § 277). It supplies both evidence and verdict, ending controversy. Wigmore, Evidence (3d Ed.), §§ 1064, 2588; *Duncan v. State,* 42 Ala. App. 111, 154 So.2d 302."

In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, the Supreme Court of the United States wrote:

"A defendant who enters such a plea [of guilty] simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process *and is therefore void.*" (Emphasis ours.)

To the same effect see *Howard v. State,* 280 Ala. 430, 194 So.2d 834.

■ It would seem to be a necessary corollary that a judgment entered on a void plea of guilty is itself void.

We have found no cases from the United States Supreme Court directly in point on the question now being considered, though strong inferences can be drawn from at least one of the cases from that court. This case will be commented on later.

There seems to be a split of authority between the 10th and the Second Federal Circuit Courts on the one hand, and the 6th Federal Circuit Court on the other hand, as to whether a judgment on a plea of guilty to a lesser included offense constitutes jeopardy as to the greater offense after reversal of the judgment entered on the plea of guilty to the lesser offense.

In *Mullreed v. Kropp, Warden*, 425 F.2d 1095 (6 Cir.1970), it appears that Mullreed and a companion Passow were in a bar together. One or the other struck the bar attendant with a chair and Mullreed took $40.00 from the cash register. Both men were later arrested and charged with armed robbery and also with unarmed robbery. Both agreed to, and did, plead guilty to the lesser charged offense of unarmed robbery. However, according to the statement of facts in *Mullreed*, Passow withdrew his agreement to plead guilty, obtained counsel and was taken before a different judge and was sentenced to sixty days in prison.

Mullreed stuck by his plea of guilty and was sentenced by the judge before whom the plea had originally been entered, to ten to fifteen years in the state prison. Mullreed appealed and the judgment was reversed on the grounds that Mullreed had been denied the assistance of counsel. On his second trial Mullreed was arraigned and tried on the armed robbery charge, found guilty, and sentenced to prison for a term of fifteen to thirty years.

Exhausting his state remedies, Mullreed brought habeas corpus in the federal district court. Relief was denied. Mullreed appealed to the United States Court of Appeals, Sixth Circuit. That court reversed, observing, among other things:

"We think the conviction and sentence [on the unarmed robbery charge] necessarily show that the trial court found an evidentiary concurrence of the elements required for the conviction, otherwise the conviction on the guilty plea would not have been lawful."

This conclusionary statement overlooks the fact that the court's determination must have been based on the petitioner's own assertions to the court. The court further, in conclusionary fashion, wrote:

"Further, the treating of the first proceeding as a nullity is a legal fiction."

In 1971, the United States Supreme. Court handed down its decision in *Santobello v. New York*, supra. The facts were that after negotiations between the prosecutor and the accused, the accused withdrew his previous not guilty plea and pleaded guilty to a lesser included offense, upon the prosecutor agreeing to make no recommendations as to sentence. At the accused's appearance for sentencing many months later, a new and different prosecutor recommended the maximum sentence, which the judge imposed. The Supreme Court of the State of New York affirmed the judgment, and the accused was denied leave to appeal to the New York Court of Appeals.

Certiorari was granted by the United States Supreme Court to review these proceedings. That court remanded the case to the state courts for further consideration, stating:

"Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration."

Footnote 2 to the opinion is, we think, highly significant. It reads:

"2. If the state court decides to allow withdrawal of the plea, the petitioner will, *of course, plead anew to the original charge on two felony counts*." (Emphasis ours.)

In 1973 in *Rivers v. Lucas*, 477 F.2d 199, the Sixth Circuit Court of Appeals was again confronted with the same point considered in *Mullreed v. Kropp*, supra. It was urged that *Santobello v. New York*,

**490**

supra, had overruled the decision in *Mullreed*. The court rejected this contention and reaffirmed ites position taken in *Mullreed*, stating:

"We affirm that there is implicit in a court's acceptance of a plea to an included lesser offense a determination ·that the right to prosecute the defendant on the more serious offense with which he is charged has been relinquished. The effect of the entire transaction for double jeopardy purposes, is the equivalent of a jury's refusal to convict on the more serious charge. Only if this is true may a defendant seek review of his conviction without being faced with the 'incredible dilemma' of choosing between a legal right of appeal and the possibility that success will revive the hazard of conviction of a charge which the prosecution had willingly abandoned in exchange for his plea. *Mullreed v. Kropp*, supra, [425 F.2d] at 1102. The continuation principle of jeopardy makes it possible for appellee Rivers to be tried again for the same offense of which he was convicted by his guilty plea (manslaughter), but his successful appeal did not open the way for him to be once again subjected to the risk of a prosecution for murder." As to the effect of *Santobello*, the court wrote:

"* * * In stating that the defendant would plead anew to the original charge on two counts if the trial court should permit him to withdraw his original guilty plea, the Court did not say or even intimate, that he could not plead the constitutional prohibition against double jeopardy as a bar to prosecution on the more serious of the two counts. The language of the Supreme Court places no limitation on the nature of the plea which a defendant in such a situation may interpose."

To the writer this construction of the clear meaning of Footnote 2 in *Santobello* is indeed tortured. In stating in the footnote that: "If the state court decides to allow the withdrawal of the plea, the petitioner will, of course, plead anew to the original charge on two felony counts," the Supreme Court was saying that it did not consider that jeopardy had attached where a plea of guilty to a lesser included offense was set aside at an appellant's behest, either by withdrawal of the plea by the accused, or by reversal of a judgment based upon such plea, and it should not be considered that jeopardy had attached as to the higher degree offense with which the accused had been charged because of his plea of guilty to the lesser offense.

It is interesting to note that in its opinion in *Rivers v. Lucas*, supra, the court states that while the Supreme Court of Michigan has not ruled on the question considered in *Mullreed v. Kropp*, the Court of Appeals of Michigan has consistently refused to follow the doctrine therein announced. In a footnote, the court quoted the following from *People v. Harper*, 32 Mich.App. 73, 188 N.W.2d 254:

"* * * We hereby express total disagreement with the *Mullreed* opinion. It ignores the importance of the plea milieu. Compare, *Ward v. Page, supra*. We agree, rather, with every contention raised on behalf of the State of Michigan in *Mullreed* and think the Sixth Circuit's opinion should not and need not be followed in Michigan. * * *"

We are in accord with the views of the Court of Appeals of Michigan, and further observe that the effort to distinguish *Santobello* by the interpretation placed on Footnote 2 to *Santobello* in *Rivers v. Lucas*, serves only to further drain the persuasiveness of the views expressed in the opinions of the Sixth Circuit above referred to.

On the other hand, the United States Courts of Appeal in the Second and Tenth Circuits have reached conclusions contrary to those of the Sixth Circuit.

In *Ward v. Page* (Tenth Circuit), 424 F.2d 491, the defendant Ward had been indicted for murder in the first degree. A jury trial was entered upon, but before

submission of the case to the jury, Ward entered a plea of guilty to the lesser included offense of manslaughter in the first degree, and a sentence of forty years imprisonment was imposed. This judgment was eventually reversed. The State of Oklahoma then retried Ward on the original charge of murder in the first degree. In this second trial, Ward was found guilty of murder in the first degree and sentenced to life imprisonment. On appeal, the Oklahoma Court of Criminal Appeals held that the state was estopped to try Ward on the murder charge, but rather than reverse, the Court of Criminal Appeals reduced the sentence to forty years.

Ward then brought habeas corpus in the appropriate federal district court, which court denied relief. He appealed this judgment, urging that he had been placed in jeopardy as to all degrees of murder greater than manslaughter in the first degree.

In affirming the district court, the Court of Appeals for the Tenth Circuit wrote:

"It is true that a guilty plea is as final as a jury verdict but the double jeopardy implications reverberating from a guilty plea and a jury verdict are not identical. * * * But we have found no cases, and appellant alludes to no authority, which suggests that a guilty plea to a lesser offense operates as an acquittal on all greater offenses. * * *"

In *United States ex rel. Williams v. McMann, Warden,* etc., 2 Cir., 436 F.2d 103, Williams had been indicted for selling heroin. In a plea bargaining undertaking Williams agreed to, and did, plead guilty to a lesser included offense of "attempted sale of narcotics, and, as per the agreement with the prosecutor, was sentenced to 3 to 7 years imprisonment."

Within a few days, however, the state discovered that Williams had a record of prior convictions dating back to 1949. He was thereupon returned to the court for sentencing as a recidivist and as such he was subject to a sentence of 3 3/4 to 15 years. Williams sought permission, and was allowed, to withdraw his plea of guilty, and this request was granted. He was then tried and convicted on the original charge. At sentencing the trial court treated Williams as a first offender and imposed a sentence of from five to ten years. After exhausting his state remedies in an attempt to have the larger sentence set aside, Williams brought habeas corpus in the federal district court. Relief was denied and he perfected an appeal to the United States Court of Appeals for the Tenth Circuit. In affirming the judgment of the district court, the Tenth Circuit Court of Appeals wrote:

"Williams concedes that the original reduction from sale to attempted sale was the result of an express agreement with the prosecutor given in consideration of his plea of guilty. When Williams was successful in revoking his part of the bargain by having his plea of guilty set aside, it is hardly surprising, and scarcely suggestive of vindictiveness, that the district attorney in turn withdrew his consent to the reduced charge.

\* \* \* \* \* \*

" \* \* \* For us to hold that one in Williams's position may not be tried and sentenced upon the charge originally brought would encourage gamesmanship of a most offensive nature. \* \* \* Indeed, any reason the defendant could conceive for setting aside his plea and sentence would lose him little. If the defendant's argument were to prevail, then a trial on the lesser charge only could result. The defendant would thus run no risks by this maneuver for his trial could end in acquittal, but if he should be convicted, he urges he could not receive a sentence greater than that imposed on the guilty plea to the lesser offense. This is nothing more than a 'heads-I-win-tails-you-lose' gamble. To frustrate this strategy, prosecutors would be restrained from entering plea bargains, thereby adding further to the staggering burdens of our criminal

courts, and judges would become more rigid in exercising their discretion in favor of permitting withdrawal of a guilty plea. This would hardly enhance the administration of criminal justice."

*Kring v. Missouri,* 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506, cited and relied on by the Court of Criminal Appeals involved a situation where a defendant, under indictment for murder in the first degree, entered a plea of guilty to murder in the second degree upon an understanding with the prosecuting attorney that he would be sentenced to ten years imprisonment. The court, however, imposed a sentence of twenty-five years imprisonment. For this reason the judgment was reversed by the Missouri Appellate Court. Upon his retrial, the defendant refused to withdraw his plea of guilty, and stood mute. The trial court entered a plea of not guilty for him to the indictment for murder in the first degree. He was found guilty and sentenced to be hung.

Defendant was granted a writ of error by the Supreme Court of the United States. That Court reversed, though the main basis of reversal was a finding by the Supreme Court of the United States that an amendment to the Missouri Constitution providing that on reversal of a judgment a. defendant should be tried upon the original charge even though found guilty of a lesser included offense, was given an ex post facto operation as applied by the Missouri court.

In the present case, Clark did not seek to rely on his prior plea of guilty of murder in the second degree, but instead interposed pleas of not guilty, and not guilty by reason of insanity when arraigned on his second trial. This factual distinction nullifies any attempted application of *Kring* to the present case.

The Court of Criminal Appeals has also replied upon, and quoted extensively from, the case of *Markiewicz v. Black,* 138 Colo. 128, 330 P.2d 539. A reading of this case shows, however, that a defendant had entered a plea of guilty to an information charging that defendant had robbed Alma E. Price. The plea was accepted. On a pre-sentence hearing, no evidence was produced tending to show that the defendant had robbed Price. The court thereupon dismissed the information and ordered defendant's release. Thereafter, the prosecutor filed a second information charging the defendant with the identical information as contained in the first information except that the victim of the robbery was named as Ben Cohen. The defendant filed a motion for dismissal of the second information alleging he had already been put in jeopardy and discharged and could not again be placed in jeopardy for the same offense. The trial court denied this motion, and the defendant then petitioned the Supreme Court of Colorado for a writ of prohibition to prohibit the trial court from proceeding with the trial. The Supreme Court of Colorado granted the relief prayed for by the defendant.

It must be noted that this factual situation involved a second and different information from that to which the defendant had originally pleaded.

In its opinion the Supreme Court of Colorado relied upon *State v. Blackwell,* 65 Nev. 405, 198 P.2d 280, wherein it was stated:

"It would seem, however, that the rule that a plea of guilty constitutes jeopardy has its proper application and force only as against a new charge for the same crime, *and not to a continuing proceeding on the one, original charge.*" (Emphasis ours.)

The present case, of course, involved a continuing proceeding on the original indictment.

■ On the basis of our discussion above, we hold that the Court of Criminal Appeals erred in adjudging that the Circuit Court of Tuscaloosa County was in error in denying the plea of autrefois acquit

filed by the defendant Clark in the trial below.

We note that the Court of Criminal Appeals limited its reversal of the judgment of the trial court solely to the jeopardy question, and pretermitted consideration of other points.

Accordingly we reverse the judgment of the Court of Criminal Appeals as to the basis of its reversal, and remand the cause to that court for consideration of such other points as it may deem appropriate.

Reversed and remanded.

MERRILL, COLEMAN, BLOOD-WORTH, MADDOX, McCALL, FAULK-NER, and JONES, JJ., concur.

HEFLIN, C. J., dissents.

HEFLIN, Chief Justice, (dissenting):

I would affirm the opinion and judgment of the Court of Criminal Appeals.