The defendants pled guilty to three separate indictments charging them jointly with robbery in the first degree, theft in the first degree, and kidnapping in the second degree. Sentences were twenty-five years', ten years', and five years' imprisonment respectively.
On appeal the defendants argue that there is no factual basis in the record to support the kidnapping convictions.
In Clark v. State, 294 Ala. 485, 318 So.2d 805 (1974), it was stated:
 "In a plea of guilty proceedings the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Further, the judge should be satisfied that there is a factual basis for the plea. See Fed. Rule Crim.Proc., Rule 11; ABA Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Secs. 1.3-1.8, at 22-36."
294 Ala. at 488, 318 So.2d 805 (emphasis added).
This is in accordance with the admonition contained in footnote 7 of Boykin v. Alabama, 395 U.S. 238, 425, 89 S.Ct. 1709, 1713,23 L.Ed.2d 274 (1969), that the "trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands . . . the acts sufficient to constitute the offenses for which he is charged."
Rule 11 of F.R.C.P. establishes the procedures that federal courts must follow to ensure that a plea of guilty is voluntary. Before a federal judge can enter judgment, Rule 11 (f) requires the judge to determine on the record that a factual basis for the plea exists. Willett v. Georgia,608 F.2d 538 (5th Cir. 1979). However, Rule 11 procedures are not constitutionally mandated. McCarthy v. United States,394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).
Although Rule 11 does not apply to state proceedings, due process requires state courts to assure that guilty pleas are made voluntarily and intelligently. Boykin, supra.
While the defendants did not personally state facts which would show that a kidnapping occurred[1], the trial judge had other information available which was sufficient *Page 201 
to satisfy him of the factual basis of the plea. See UnitedStates v. Dayton, 604 F.2d 931 (5th Cir. 1979). The Report of Pre-Sentence Investigation states in pertinent part:
 "Kidnapping 2nd: In the course of the robbery of Gary Gabbard, Edward Young and Richard Young decided that they would abduct Gabbard. He was forced to get into his 1971 Dodge Demon automobile at gunpoint. As soon as he got in the car, he climbed out the other side. He was then forced into the car a second time. He once again got out. The third time he was struck in the head with a tire tool and forced into the car. At this point another car pulled into the parking lot and Gabbard got out of the car and got away from the Youngs."
The record shows that both defendants knowingly and intelligently waived their constitutional rights under Boykin, supra. Their admissions of guilt were without reservation, unqualified and unequivocal. The defendants admitted in answer to the questions of the trial judge that they understood that kidnapping in the second degree was "taking a person and restraining his liberty without any threats or anything." Where the offense is simple and the charge is quite specific, even Rule 11 (f), requiring that the judge determine that there is a reasonable basis for the plea, may be satisfied by the reading of the charge. Swensen v. Municipality of Anchorage,616 P.2d 874 (Alaska 1980).
In order to insure that a guilty plea is made knowingly and intelligently, it is not necessary that the factual basis of the plea be established through the statements of the defendant where there is other information before the trial judge from which he can make this determination. An accused may plead guilty without admitting the acts of the crime if he intelligently concludes that his interest so requires and the record strongly evidences guilt. North Carolina v. Alford,400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
Considering the entire record, this Court is convinced that the defendants' guilty pleas were knowingly and intelligently entered. Upon the record before this Court it is clear that the trial judge had before him adequate information to satisfy himself of the factual basis for the pleas. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] When asked what he did, Richard Young stated:
 "I went to the station that Mr. Gabbard was working at and got the money from him, got his car and ran." Edward Young stated: "I went to the station. I robbed the man, got his car and ran."