The appellant, Leeunder Heptinstall, on June 15, 1992, pleaded guilty to the offense of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975. He was sentenced to 10 years' imprisonment.
On November 6, 1992, the appellant filed a motion to withdraw his guilty plea, or in the alternative, for a new trial. As grounds for his motion the appellant stated the following:
 "The defendant claims he did not knowingly and voluntarily enter a plea of guilty with the full understanding of the nature of the proceedings or the consequences of the plea in that there was insufficient factual basis upon which the Trial Judge could accept said plea."
After a hearing, the court denied the appellant's motion, stating that the appellant "was pleading guilty because he was guilty and for no other reason." In its order denying the motion, the court did not specifically address the issue whether there was a sufficient factual basis for the plea. However, the appellant *Page 1112 
preserved this issue for review by specifically raising it in his motion.
On appeal, the appellant makes the following argument in his brief:
 "It is the appellant's contention [that] this obligation [to comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] is an affirmative appearance on the record that the defendant, in fact, understood the nature of the crime with which he is charged; and, in addition, that the Court elicited information from the defendant sufficient to satisfy the Court that there was a factual basis for the plea."
The appellant argues that the court erred in accepting the appellant's plea of guilty because, he says, among other things, the court failed to elicit sufficient information to determine whether there was a factual basis for the acceptance of his guilty plea.
As early as 1969, the United States Supreme Court recognized the necessity of putting certain safeguards in place to ensure that guilty pleas are entered knowingly and voluntarily. By pleading guilty, a defendant waives three constitutional rights: the right against self-incrimination, the right to a trial by jury, and the right to confront his accusers.Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969). In recognizing the importance of the waiver of these rights, the Boykin Court stated:
 "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought . . . and forestalls the spin-off of collateral proceedings that seek to probe murky memories."
Boykin, 395 U.S. at 243-44, 89 S.Ct. at 1712-13. (Citations omitted.) In support of this proposition, the Boykin Court quoted the following from Commonwealth ex rel. West v. Rundle,428 Pa. 102, 105-06, 237 A.2d 196, 197-98 (1968):
 " 'A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.' "
Boykin, 395 U.S. at 244, n. 7, 89 S.Ct. at 1712, n. 7. (Emphasis added.)
In Clark v. State, 294 Ala. 485, 487, 318 So.2d 805, 807-08
(1974), the Alabama Supreme Court addressed the prerequisites for the acceptance of a guilty plea. The Court stated:
 "In a plea of guilty proceedings the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Further, the judge should be satisfied that there is a factual basis for the plea."
The requirement of establishing a factual basis is further discussed in Rule 14.4(b), A.R.Crim.P., which provides: "Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment on such plea without being satisfied that there is a factual basis for the plea."
Here, the record is void of any information that would indicate that the appellant had committed any offense, much less the offense of assault in the first degree. There is not the slightest bit of evidence in the record of the facts. Neither the court, through its colloquy with the appellant, nor the prosecution established for the record the acts which formed the basis of the assault charge.
The record is entirely lacking any factual basis for the appellant's plea of guilty to the offense of assault in the first degree; therefore, the circuit court erred in denying the appellant's motion to withdraw his plea. The judgment is due to be reversed and the cause remanded to the Circuit Court for Talladega *Page 1113 
County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.