BOWEN, Presiding Judge.
James Bibby, the appellant, pleaded guilty to and was convicted of rape in the first degree and was sentenced to life imprisonment as a habitual felony offender with a prior felony conviction for the first degree sexual abuse of a five-year-old girl. The present offense involves the rape of a nine-year-old girl committed “[a]lmost a year to the day after his release” on that prior offense. R. 3.
I.
Appointed counsel originally filed a “no merit” brief in this appeal. In a pro se brief, and in appointed counsel’s supplemental brief adopting the issues raised in the pro se brief, the appellant argues that his plea was involuntary and that trial counsel was ineffective.
The appellant pleaded guilty on July 27, 1992. The handwritten entry on the case action summary for that date states: “Defendant entered voluntary plea of guilty to Rape, 1st degree, and was adjudged to be guilty. Sentencing deferred pending [pre-sentence investigation]. Remaining counts of indictment dismissed pursuant to plea agreement.” C.R. 2. There was no motion to withdraw the guilty plea.
The record, includes a transcript of the guilty plea colloquy. It also contains a “motion to allow plea of guilty pursuant to agreement” and an “explanation of rights and plea of guilt,” both of which were signed by the appellant. C.R. 17,18. That record satisfies the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and affirmatively shows that the appellant knowingly, intelligently, and voluntarily pleaded guilty. See Brewster v. State, 624 So.2d 217 (Ala.Cr.App.1993).
The factual basis for the guilty plea was established when the prosecutor, at the request of the trial court, stated that he expected the evidence
“to show that James Bibby, whose birthday is 7/14/65, picked up [nine-year-old] A.M., whose date of birth is 1/3/83, who was in the company of her sister and her cousin, and lured her into a car by pretense and took her from the location of the Food World parking lot and had sexual intercourse with her. He was observed by a witness who identified him as being in the automobile with the victim. Further scientific evidence matched and corroborated the statement of the victim.” Supp.R. 5.
The appellant responded “Yes” when the trial court asked if he agreed with that statement of facts. Supp.R. 6. See Heptinstall v. State, 624 So.2d 1111 (Ala.Cr.App.1993).
II.
The appellant’s allegations of ineffective assistance of counsel are but bare conclusions unsupported by any factual allegations. Furthermore, the issue of ineffective assistance of counsel was not presented to the trial court. “ ‘[C]laims of ineffective assistance of counsel may not be considered for the first time on direct appeal.’ ” Ex parte Jackson, 598 So.2d 895, 897 (Ala.1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.