I believe that the State of Alabama is entitled either to try Charles Peterson on the original unamended indictment for murder made capital because it was committed during the course of a robbery or to reindict him. Therefore, I respectfully dissent from the main opinion.
The State of Alabama indicted Charles Peterson for murder made capital because it was committed during the course of a robbery. Pursuant to a plea agreement, the indictment was amended to charge, and Peterson pleaded guilty to, felony murder and first-degree robbery. The trial court sentenced him to 30 years' imprisonment on the felony-murder conviction and to 20 years' imprisonment on the robbery conviction. Peterson successfully challenged his robbery conviction, arguing that his convictions of both robbery and felony murder on the same set of operative facts violated the double-jeopardy principle embodied in the constitutions of the United States and of the State of Alabama.[2]
In light of Peterson's successful attack on a part of the plea to which he had agreed, the State moved to set aside the rest of that plea, that is, the felony-murder conviction. The trial court granted the motion, and the State reindicted Peterson for three offenses: murder made capital because it was committed during the course of a robbery, murder made capital because it was committed during the course of a burglary, and conspiracy to commit robbery. The State moved to nol-pros the original amended indictment; Peterson moved instead for the dismissal of the new indictment on double-jeopardy grounds, asserting that the new indictment was duplicative of his remaining original conviction for felony-murder. The trial court denied Peterson's motion to dismiss the new indictment and nol-prossed the original amended indictment. Peterson petitioned the Court of Criminal Appeals for a writ of mandamus to direct the trial court to dismiss the new indictment and to reinstate his felony-murder conviction. The Court of Criminal Appeals denied Peterson's petition; he now seeks the same relief from this Court.
The main opinion holds that the amendment of the indictment that permitted Peterson to plead guilty to felony-murder and first-degree robbery was a valid amendment and that, therefore, Peterson's plea was valid and binding on the State, thereby implicating double-jeopardy principles and invalidating the new indictment. *Page 995 
I agree with the main opinion that the original indictment was legally amended; however, Peterson has, by his actions, repudiated his plea agreement. I believe, therefore, that the State is entitled to try Peterson on the original unamended indictment or to reindict him.
In Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50,64 L.Ed. 103 (1919), Stroud was indicted and convicted of murder in the first degree and was sentenced to be hanged. The Court of Appeals reversed the judgment, and Stroud was again tried for and convicted of first-degree murder. The jury in the second trial found Stroud "`guilty as charged in the indictment without capital punishment.'" 251 U.S. at 17, 40 S.Ct. 50. This second conviction also was reversed. The district court vacated the sentence, and Stroud was tried for a third time. The jury found Stroud guilty of murder in the first degree and did not make a recommendation regarding capital punishment. Stroud was sentenced to death.
Stroud argued that the third trial violated the prohibition against double jeopardy. The Supreme Court of the United States stated:
 "The protection afforded by the Constitution is against a second trial for the same offense. . . . Moreover, the conviction and sentence upon the former trials were reversed upon writs of error sued out by the plaintiff in error. The only thing the appellate court could do was to award a new trial on finding error in the proceeding, thus the plaintiff in error himself invoked the action of the court which resulted in a further trial. In such cases he is not placed in second jeopardy within the meaning of the Constitution."
251 U.S. at 18, 40 S.Ct. 50 (citations omitted).
In Clark v. State of Alabama, 294 Ala. 485, 318 So.2d 805
(1974), Billy Clark was indicted for first-degree murder. Clark originally pleaded not guilty and not guilty by reason of insanity. Clark later withdrew his pleas and pleaded guilty to second-degree murder. The court adjudicated Clark guilty and sentenced him to life imprisonment. Clark appealed; the Court of Criminal Appeals reversed the judgment. Clark v. State,48 Ala.App. 108, 262 So.2d 310 (1972).
Clark was re-arraigned; he pleaded not guilty and not guilty by reason of insanity. Clark moved to strike the allegations in the indictment that referred to first-degree murder, arguing that the reversal "on his plea of guilty of murder in the second degree precluded further consideration of murder in the first degree."294 Ala. at 487, 318 So.2d at 807. The court treated Clark's motion as a plea of autrefois acquit (formerly acquitted) and overruled the motion. The jury found Clark guilty of first-degree murder and sentenced him to life imprisonment. Clark appealed; the Court of Criminal Appeals reversed the second judgment on the ground that the trial court erred in overruling Clark's plea ofautrefois acquit. Clark v. State, 56 Ala.App. 63,318 So.2d 801 (1974).
The State petitioned this Court for the writ of certiorari and this Court concluded that the Court of Criminal Appeals erred in reversing the second judgment. This Court stated that, "It would seem to be a necessary corollary that a judgment entered on a void plea of guilty is itself void." 294 Ala. at 488,318 So.2d at 808.
In Clark this Court relied on United States ex rel. Williamsv. McMann, 436 F.2d 103 (2d Cir. 1970). Williams had been indicted for selling heroin. Pursuant to a plea agreement, Williams pleaded guilty to the lesser charge of attempted sale of narcotics and was sentenced to three to seven *Page 996 
years' imprisonment. The State discovered, however, that Williams had a prior record and returned him to the trial court to be resentenced on the charge of attempted sale of narcotics. At Williams's request, the trial court allowed him to withdraw his guilty plea. Williams was then tried and convicted of the original charge of selling heroin, and he was sentenced to 5 to 10 years' imprisonment.
Williams petitioned the federal court for habeas corpus relief. The federal court denied relief, and Williams appealed to the United States Court of Appeals for the Second Circuit. The Court of Appeals affirmed the trial court's judgment and stated:
 "When Williams was successful in revoking his part of the bargain by having his plea of guilty set aside, it is hardly surprising, and scarcely suggestive of vindictiveness, that the district attorney in turn withdrew his consent to the reduced charge. . . .
". . . .
 ". . . For us to hold that one in Williams's position may not be tried and sentenced upon the charge originally brought would encourage gamesmanship of a most offensive nature. . . . Indeed, any reason the defendant could conceive for setting aside his plea and sentence would lose him little. If the defendant's argument were to prevail, then a trial on the lesser charge only could result. The defendant would thus run no risks by this maneuver for his trial could end in acquittal, but if he should be convicted, he urges he could not receive a sentence greater than that imposed on the guilty plea to the lesser offense. This is nothing more than a `heads-I-win-tails-you-lose' gamble. To frustrate this strategy, prosecutors would be restrained from entering plea bargains, thereby adding further to the staggering burdens of our criminal courts, and judges would become more rigid in exercising their discretion in favor of permitting withdrawal of a guilty plea. This would hardy enhance the administration of criminal justice."
McMann, 436 F.2d at 106 (footnotes omitted).
In the case before us, Peterson successfully challenged his conviction, and "[t]he only thing the appellate court could do was to award a new trial. . . ." "A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy."Cole v. State, 842 So.2d 605, 609 (Ala. 2002), citing Duttonv. State, 807 So.2d 596 (Ala.Crim.App. 2001). The Supreme Court of the United States has held that "[i]n such cases [the defendant] is not placed in second jeopardy within the meaning of the Constitution." Stroud, 251 U.S. at 18, 40 S.Ct. 50. Therefore, I would deny Peterson's petition for the writ of mandamus seeking to have this Court dismiss the State's new indictment and reinstate Peterson's felony-murder conviction. I believe that the State is entitled to try Peterson on the original unamended indictment for murder made capital because it was committed during the course of a robbery or to reindict Peterson. Therefore, I respectfully dissent.
[2] The Constitution of the United States of America, Amendment V ("nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb"); Alabama Constitution of 1901, Art. I, § 9 ("[t]hat no person shall, for the same offense, be twice put in jeopardy of life or limb").