I agree with Justice See that Ex parte Cole, 842 So.2d 605
(Ala. 2002), does not require the trial judge to first entertain an amendment to the facts asserted in an indictment before it has jurisdiction to accept the defendant's plea of guilty to the lesser-included offense of second-degree robbery. I also agree with Justice See that Childers's testimony informally amended the indictment and that, therefore, the trial court had jurisdiction to accept Childers's guilty plea to second-degree robbery.
Moreover, I maintain that not only did Childers's testimony informally amend the indictment, but also the factual basis presented in conjunction with Childers's consent to the amendment also informally amended the indictment and satisfied the concerns this Court expressed in Cole. This Court in Cole quoted the factual basis presented by the prosecutor establishing the elements of second-degree robbery. Because neither the facts stated in the indictment nor the factual basis of the guilty-plea proceeding in Cole established that the defendant had been assisted by another in commission of the robbery — an essential element of second-degree robbery — I agreed with the majority's holding that the trial court did not have jurisdiction to accept the defendant's guilty plea. Indeed, "[t]o treat the proceedings in [Cole] as if the original indictment included that additional fact just because Cole pleaded guilty" when nothing in the record established the elements of second-degree robbery "would disregard the settled principle that one cannot consent to an improper amendment to an indictment." 842 So.2d at 609. Because nothing before the trial court established one of the required elements of second-degree robbery — i.e., that Cole was aided in the commission of robbery by another person — the trial court did not have subject-matter jurisdiction to accept Cole's guilty plea to that offense.
Here, the facts presented in the record undisputedly support the charge of second-degree robbery. Not only did Childers state in his colloquy the facts that established second-degree robbery, but the factual basis supporting the plea established the elements of the second-degree robbery; therefore, I conclude that the trial court had subject-matter jurisdiction over this matter.
In a guilty-plea proceeding in which the State has moved to amend the charge in the indictment, the State and the defendant are engaging in plea negotiations.[10] *Page 1038 
Typically, the State, in exchange for the defendant's agreement to plead guilty, has agreed to amend the indictment to charge either a lesser-included or a related offense that is supported by the facts of the case. This procedure is proper according to Rule 14.3(a), Ala. R.Crim. P., which specifically provides:
 "The prosecutor and the defendant or defendant's attorney may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecutor either will move for dismissal of other charges or will recommend (or will not oppose) the imposition or suspension of a particular sentence, or will do both."
Here, to effectuate the agreement between the State and Childers, the State orally moved to amend the indictment to charge the lesser-included offense — second-degree robbery; Childers consented in open court to the amendment; and the State in Childers's presence presented the factual basis to support the plea of guilty to second-degree robbery. Childers did not objectto the factual basis. The trial court then determined that the factual basis satisfied the elements of second-degree robbery. The trial court informed Childers of the nature of the offense of second-degree robbery and the consequences of the plea of guilty to that offense. See Rule 14.4(a)(1)(i), Ala. R.Crim. P. (requiring the trial court to inform a defendant who is pleading guilty of "[t]he nature of the charge and the material elements of the offense to which the plea is offered"). Only after the trial court was satisfied that the factual basis of the plea satisfied the elements of second-degree robbery and that Childers was voluntarily pleading guilty to second-degree robbery did the trial court accept Childers's plea of guilty to second-degree robbery and enter a judgment and impose a sentence.
This procedure satisfied the requirements of Rule 14, Ala. R.Crim. P., and the following precedent established in Clark v.State, 294 Ala. 485, 488, 318 So.2d 805, 807-08 (1974):
 "In a plea of guilty proceedings the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Further, the judge should be satisfied that there is a factual basis for the plea. See Fed. Rule Crim. Proc., Rule 11; ABA Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Secs. 1.3-1.8, at 22-36.
 "In such proceedings a trier of fact does not seek to determine if the accused's actions would justify a conviction on the full charge contained in an indictment, but only if such action satisfies the degree of guilt admitted by the plea."
(Emphasis added.)
It is important to note that in this guilty-plea proceeding, Childers's constitutional rights were satisfied. Childers unequivocally had notice of and agreed to the amendment of the indictment to charge second-degree robbery. At any time during the colloquy with the trial court, Childers could have asked for a more definite statement of the charge. See Rule 13.2(e), Ala. R.Crim. P. (providing that "[a] motion for a more definite statement may be *Page 1039 
made at any time prior to entry of the defendant's plea"). Childers did not defend against the charge of second-degree robbery, but admitted that he was guilty of that charge. He also, by agreeing to amend the indictment to charge second-degree robbery and by pleading guilty to second-degree robbery, received a reduction in the range of the sentence to be imposed.[11]
Thus, Childers received a benefit when he pleaded guilty to second-degree robbery. The trial court before entering its judgment ascertained that it maintained subject-matter jurisdiction by reviewing the factual basis for the guilty plea to ensure that the facts of the offense satisfied the elements of the amended charge, and it protected Childers against double jeopardy. Such a process fulfilled the requirements of due process because Childers was aware of the nature and cause of the charge against him and of the consequences of pleading guilty.
Furthermore, I believe that the main opinion has erred in relying solely on its interpretation of Rule 13.5(a), Ala. R.Crim. P., without considering Rule 13.5(c)(2), Ala. R.Crim. P., which provides:
 "No charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits."
Here, Childers pleaded guilty to the amended charge, and the facts recited in the factual basis established the elements of the amended charge; therefore, Childers cannot show that his substantial rights upon the merits were prejudiced. UnlikeCole, this case does not present a situation in which the defendant has consented to an amendment to the original charge as to which the factual basis does not establish each and every element.
Finally, I note that to require a defendant's explicit consent to amend the indictment to include "facts from which one might conclude that the defendant was aided in the robbery by another participant" to broaden the factual basis of an indictment charging first-degree robbery to encompass second-degree robbery as a lesser-included offense is unnecessary and elevates form over substance. Such a requirement, in light of all the constitutional safeguards that must be satisfied before the trial court can accept the defendant's guilty plea, is nonsensical.
This Court should be wary of proclaiming as jurisdictional defects in the judicial process. The guilty-plea proceeding in this case did not contain a defect affecting the framework within which justice is administered; at most it contained an error in the procedural process itself invited by the defendant and by rules promulgated by this Court. This type of error does not "deprive defendants of `basic protections' without which `a criminal trial cannot reliably serve its function as a vehicle for determination of guilty or innocence . . . and no criminal punishment may be regarded as fundamentally fair.'" Neder v.United States, 527 U.S. 1, 8-9, 119 S.Ct. 1827, 144 L.Ed.2d 35
(1999). *Page 1040 
Because I find that the trial court had subject-matter jurisdiction to accept Childers's plea of guilty to second-degree robbery, I must dissent.
[10] The United States Supreme Court in Blackledge v.Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), stated:
 "Whatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned. The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial; he gains a speedy disposition of his case, the chance to acknowledge his guilt, and a prompt start in realizing whatever potential there may be for rehabilitation. Judges and prosecutors conserve vital and scarce resources. The public is protected from the risks posed by those charged with criminal offenses who are at large on bail while awaiting completion of criminal proceedings.
 "These advantages can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality. To allow indiscriminate hearings in . . . post-conviction proceedings . . . would eliminate the chief virtues of the plea system — speed, economy, and finality."
(Footnote omitted.)
[11] First-degree robbery is a Class A felony with a sentencing range from 20 years' imprisonment to life imprisonment when, as here, a deadly weapon is used or attempted to be used in the commission of the robbery. See §§ 13A-8-41 and 13A-5-6(a)(1) and (4), Ala. Code 1975. Second-degree robbery is a Class B felony with a sentencing range from 10 years' to 20 years' imprisonment when a deadly weapon is used or attempted to be used in the commission of the robbery. See §§ 13A-8-42 and 13A-5-6(a)(2) and (5), Ala. Code 1975.